**RAFAEL MARGARIDA & COMPANY, INC., Guillermo Margarida and Manuela Veve de Margarida, pro se and as parents with patria potestad over her minor daughter, Sonia Margarida–Veve, Plaintiffs,**

v.

**AUDI OF AMERICA, INC., and Volkswagen of America, Inc., Defendants.**

Civ. No. 87–1413(RLA).

United States District Court, D. Puerto Rico.

Sept. 11, 1989.

Vicente Santori Coll, San Juan, Puerto Rico, for plaintiffs.

Antonio Gnocchi–Franco, Law Offices of Antonio Gnocchi–Franco, Hato Rey, Puerto Rico, for defendants.

## OPINION AND ORDER

ACOSTA, District Judge.

### INTRODUCTION

The present case is a products liability action for money damages arising from a single car accident. Plaintiffs claim that a manufacturing defect in their Audi vehicle caused it to suddenly accelerate and crash into the cement structure of a parking lot.

Plaintiffs, Rafael Margarida & Company, Inc.; its President, Rafael Margarida; and his wife and daughter, are suing the manufacturer and distributor of the car for bodily injury, mental suffering and loss of

property. Our jurisdiction is premised on the diversity of citizenship between the parties, 28 U.S.C. § 1332.

Before the Court is defendants' motion to dismiss for lack of in personam jurisdiction, docket No. 11, filed May 10, 1988. Plaintiffs filed an opposition on August 1, 1988, docket No. 16. Defendants followed-up with a reply, docket No. 20, filed September 18, 1988, to which plaintiffs responded on December 2, 1988 (docket No. 25). Finally, defendants filed a surreply on January 13, 1989 (docket No. 28).[1]

Defendants argue in essence that they do not perform any business transactions in Puerto Rico and cannot issue warranties for cars imported to the Island by other entities. Therefore, there are no minimum contacts between them and plaintiffs and thus no in personam jurisdiction. Furthermore, defendant Audi of America, Inc. has no corporate entity and thus cannot sue or be sued.

Plaintiffs counter that defendants could have foreseen that in the normal flow of commerce their vehicles would end up in Puerto Rico; that they advertise in Puerto Rico and that a warranty booklet issued to plaintiffs ratifies the purchase contract between buyer (plaintiffs) and the defendants.

### BACKGROUND

Plaintiff, Guillermo Margarida, a resident of Puerto Rico, as President of Rafael Margarida and Company, leased with an option to buy a new 1984 Audi vehicle, Model 4000 from a dealer, Volkswagen de Puerto Rico, Inc. The lessor/purchaser was given two written warranties, one in Spanish where Volkswagen/Audi appeared as the warrantor and one in English where Volkswagen of America, Inc. appeared as the warrantor. According to plaintiffs, Volkswagen of Puerto Rico, Inc., at no time mentioned that it was a separate enti-

1. Although the motion to dismiss itself was filed on behalf of both defendants, all subsequent motions were filed by defendant Volkswagen of America (VWOA). We will assume nonetheless that codefendant, Audi of America (Audi), a division of VWOA, subscribes to these other motions.

ty, Volkswagen Interamericana S.A.,[2] which provides the warranty on the vehicles sold in Puerto Rico (Sworn Statement of Mr. Margarida, p. 2). Upon expiration of the lease agreement Mr. Margarida opted to purchase the vehicle.

The complaint alleges that the manufacturing defect of plaintiff's Audi vehicle caused the following damages.

On May 11, 1987, after being shopping at the Plaza Las Americas Mall, Mrs. Margarida, the driver, and her daughter, the passenger, got in the car. With the engine running, she placed the gear in reverse, the vehicle suddenly accelerated backwards and crashed into a cement structure. Plaintiff's daughter was thrown away from the car, as she was trying to get in at the time the engine was started, and received bodily and mental trauma. Mrs. Margarida received physical and mental trauma fearing she would run over her daughter. Mr. Margarida suffered mental anguish due to the injuries received by both his wife and daughter and the company suffered damages because the car was rendered worthless due to the impact. Consequently, all of the aforementioned sued Audi of America and Volkswagen of America, Inc. ("VWOA").

Since defendants have no office or agent in Puerto Rico they were served with process by publication pursuant to Fed.R. Civ.P. 4(e) and 32 L.P.R.A.App. III R. 4.5.

As stated above, defendants VWOA and Audi of America, filed in this Court a motion to dismiss for lack of in personam jurisdiction. In it they state that Audi of America is not the distributor of Audi vehicles for Puerto Rico and does not sell them on the Island (Motion to Dismiss, p. 5). Furthermore, Audi of America does not warrant the vehicles sold in Puerto Rico by the dealer Audi–Volkswagen of

Puerto Rico; has no dealers, agents or employees; is not authorized to do business in Puerto Rico; has no local telephone listings, or bank accounts; does not pay taxes to the Commonwealth of Puerto Rico; owns no real property on the Island; and does not advertise here (Sworn Statement of Robert Cameron, product liaison of VWOA). Defendants further state that Audi of America is merely a division of VWOA and not a separate corporation. Further, that VWOA is in charge of marketing vehicles and parts *exclusively* in the Continental United States of America and does not engage in any activity in Puerto Rico (Sworn Statement p. 2); that the distributor of Audi vehicles for Puerto Rico is Volkswagen Interamericana S.A. which imports them *directly* from West Germany and offers the warranty on them; that Audi–Volkswagen of Puerto Rico is the exclusive authorized dealer of Audis in Puerto Rico, and VWOA has no corporate relationship to it. Concerning the warranty booklet, defendants explain that the manufacturer in West Germany does not make a separate booklet for those cars imported by Volkswagen Interamericana, S.A.

Plaintiffs in their opposition allege that since defendants did not notify plaintiffs that they do not issue the warranty on cars sold in Puerto Rico this was tantamount to a ratification of a contract by silence. (Exhibits A, B, and C.) To this defendants simply realleged their argument about lack of in personam jurisdiction.

## ISSUES

The main issue before this Court at this time is whether or not under Puerto Rico's long arm statute, 32 L.P.R.A.App. III, R. 4.7,[3] this Court possesses jurisdiction over the defendants consistent with "traditional

---

**2.** According to the file, Interamericana, S.A. is the company that imports Audi vehicles directly from West Germany and distributes them in Puerto Rico.

**3.** 4.7. Service on a person not domiciled in Puerto Rico.

  (a) Whenever the person to be served is not domiciled in Puerto Rico, the General Court

of Justice shall take jurisdiction over said person if the action or claim arises because said person:

(1) Transacted business in Puerto Rico personally or through an agent; or

(2) Participated in tortious acts within Puerto Rico personally or through his agent; or....

notions of fair play and substantial justice." *International Shoe v. State of Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945).[4]

## DISCUSSION

### ESTABLISHING JURISDICTION

It has been established by the United States Supreme Court and adopted by state jurisprudence that a defendant not present in the jurisdiction may be subjected to that state's jurisdiction without violating due process requirements so long as that "defendant has certain minimum contacts within the territory so that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe v. State of Washington,* 326 U.S. at 316, 66 S.Ct. at 158. The case before us is a diversity case and in such cases, "the district court's personal jurisdiction over a nonresident defendant is governed by the forum's long-arm statute." *Mangual v. General Battery Corp.,* 710 F.2d 15, 18 (1st Cir.1983), 4 C. Wright and A. Miller, Federal Practice and Procedure § 1075 (1987). "It should be noted that in a diversity action, it is state law that determines whether or not a nonresident has sufficient contacts with the forum to be subject to jurisdiction under the state statute." 2 J. Moore and J. Lucas, Moore's Federal Practice, para. 4.41–1[4] at 4–339 (3rd ed. 1988) (hereinafter 2 Moore's Federal Practice).

Puerto Rico's long arm statute, 32 L.P. R.A., App. III, R. 4.7, covering service on a person not domiciled in Puerto Rico dictates the five possible instances in which the court may take jurisdiction over a nonresident defendant.

■ Additional criteria are to be considered in order to exert the jurisdiction over the nonresident defendant; "the defendant's conduct and connection with the forum state are such that he should reasonably anticipate being haled into court there." *World–Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1980). Also the defendant, in this case a corporation, must have in some way benefitted from the activities of that state so as to invoke its privileges and laws. *Hanson v. Denckla,* 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958). The Fourteenth Amendment's Due Process Clause operates such that those minimum contacts with the forum which the nonresident defendant has had, do not offend 'traditional notions of fair play and substantial justice.' *International Shoe, supra,* 326 U.S. at 316, 66 S.Ct. at 158.

■ Once this criteria is established, the plaintiff must base his case on those minimum contacts that support in personam jurisdiction. "He must allege in his pleading the facts essential to show jurisdiction. If he fails to make the necessary allegations he has no standing.... If his allegations of jurisdictional facts are challenged by his adversary in any appropriate manner, he must support them by competent proof." *McNutt v. General Motors Acceptance Corporation of Indiana, Inc.,* 298 U.S. 178, 189, 56 S.Ct. 780, 785, 80 L.Ed. 1135 (1936); restated in *Escude Cruz v. Ortho Pharmaceutical Corp.,* 619 F.2d 902 (1st Cir.1980). Once defendants deny personal jurisdiction, the burden of proof on the matter rests on plaintiffs, in which more than the pleadings is necessary, they must have affirmative proof that the court possesses in personam jurisdiction over the nonresident. *Lex Computer & Management Corp. v. Eslinger & Pelton, P.C.,* 676 F.Supp. 399, 402 (D.N.H.1987).

There is a two-part test which the Court has to apply in order to see if it assumes jurisdiction or not over the nonresident defendant. "The court must first look to the words of the statute to determine whether it provides for the exercise of jurisdiction

---

**4.** The second issue present in this case and of lesser importance is whether the fact that the warranty booklet *states* that VWOA will warrant plaintiff's Audi car is a ratification of a warranty contract on the part of defendants due to their failure to inform the purchaser that Volks- wagen Interamericana, S.A. was the actual warrantor of vehicles sold in Puerto Rico. We find that there is no need to discuss this issue since we conclude that we have no jurisdiction over defendants.

under the particular facts of the case. The act upon which service is predicated must be one which the statute contemplates as a basis for such service. Then, if the statute authorizes service, the court must determine whether the assertion of jurisdiction meets the requirements of due process." 2 Moore's Federal Practice para. 4.41–1[4] at 4–335—4–336 (3rd ed. 1988). "Like any standard that requires a determination of 'reasonableness,' the 'minimum contacts' test of *International Shoe* is not susceptible of mechanical application; rather, the facts of each case must be weighed to determine whether the requisite 'affiliating circumstances' are present." *Kulko v. California Superior Court*, 436 U.S. 84, 92, 98 S.Ct. 1690, 1697, 56 L.Ed.2d 132 (1978).

Since it is state law which must be applied first to see if the long arm statute extends to the nonresident defendant we shall examine and apply the three-pronged test adopted by the Supreme Court of Puerto Rico to decide the in personam jurisdiction question. This test was drawn in *A.H. Thomas v. Superior Court*, 98 P.R.R. 864, 870 (1970), Adopted in *Young v. Pannell Fitzpatrick & Co.*, 641 F.Supp. 581 (D.P.R.1986); *Escude Cruz v. Ortho Pharmaceutical Corp.*, 619 F.2d at 904. It establishes the three requirements necessary to establish the minimum contacts of a nonresident to have jurisdiction over him. *First*, the defendant has to have made an act or some type of transaction within the forum, but he does not have to be physically present in the forum. *Second*, "the cause of action must be one which arises out of, or results from, the activities of the defendant within the forum." *Third*, once "rules one and two have been established which leads to a minimum contact between the defendant and the state, this contact has to be consonant with the due process notions of 'fair play' and 'substantial justice.'" If all three are found, then there the court possesses jurisdiction over the nonresident defendant. *A.H. Thomas v. Superior Court, supra.*

■ Applying this criteria to the facts of the present case we find that the first requirement is not fulfilled. According to the record and the sworn statement of Mr. Cameron, the authorized representative of VWOA, the defendants have not consumated any act or transaction in Puerto Rico because "it markets such imported products (Volkswagen Rabbits, pick-ups and Golfs) exclusively in the United States of America, and does not engage in any such activity in the Commonwealth of Puerto Rico." (Sworn Statement of Robert Cameron, p. 2). He also states that whereas Volkswagen Interamericana S.A. is the distributor of these cars for the Island which are imported directly from West Germany, and which also gives the warranty on these vehicles, Audi–Volkswagen of Puerto Rico, Inc. is the authorized dealer of Audi cars for Puerto Rico. (Sworn Statement of Cameron, p. 3). VWOA is not authorized to do business in Puerto Rico as confirmed by a certificate from the Puerto Rico Department of State, it has no agents, telephone listings, address or advertises, has no bank accounts, real property and does not pay taxes to the Commonwealth of Puerto Rico. Also VWOA has not done any recalling of the Audi vehicles in Puerto Rico.

The second factor requires that the cause of action arise or result from defendant's activities in the forum. Although the incident occurred in Puerto Rico this is not sufficient to establish jurisdiction since defendants have carried out no activity within this forum.

To this we have to apply 32 L.P.R.A., App. III, R. 4.7 which establishes in what instances jurisdiction is conferred upon a nonresident. The ones that may pertain to this case are R. 4.7(a)(1), (2). It confers jurisdiction when the claim arises because the defendant (1) transacted business in Puerto Rico personally or through an agent or (2) participated in tortious acts within Puerto Rico personally or through his agent. We have stated previously that the defendants herein have done no business transactions within the forum, therefore item (1) is not applicable. As for item (2), although there has been a tortious act which is the cause of action here alleged, this act was not done by the defendant or

an agent of his. No evidence to show the contrary has been presented by plaintiffs. (Therefore, (2) does not apply either and furthermore Rule 2 of the three-pronged test has not been fulfilled.)

■ As for the third requirement, since 1 and 2 have not been established, it would go against long-established notions of fair play and substantial justice for this Court to acquire jurisdiction over these defendants. There are no facts to establish the barest contact between this forum and the defendants in this case in order to submit them to this jurisdiction. Plaintiffs state that it "should have been foreseeable that defendants' Audi vehicles would, in the normal flow of commerce, traverse state limits until they would eventually arrive within the jurisdiction of the Commonwealth of Puerto Rico." (complaint p. 2). Even though it could have been anticipated that these cars would end up in Puerto Rico, the unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum state. "[I]t is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities and protections of its laws." *Hanson v. Denckla, supra* 357 U.S. at 253, 78 S.Ct. at 1240; *World–Wide Volkswagen Corp. v. Woodson, supra; International Shoe v. State of Washington, supra.*

Plaintiffs claim that defendants should have foreseen that in the normal flow of commerce the Audi vehicle would eventually arrive in the Commonwealth of Puerto Rico, since defendants actively advertise in Puerto Rico through the news media and sell their products on the Island through their agents, dealers or otherwise, that defendants knew their products were and are sold in Puerto Rico and part of its total income is derived from these sales. (Complaint, p. 2).

The issue of foreseeability was discussed by the United States Supreme Court in *World–Wide Volkswagen v. Woodson, supra.* In that case a car was bought in New York and driven to Oklahoma where plaintiffs suffered an accident. A suit was filed in Oklahoma against the retailer and wholesaler which were New York corporations that did no business in Olkahoma; alleging that these corporations should have foreseen that their defective product, in this case an automobile, would end up in another state, thus holding them liable to suit in any state within the nation. The court expressed that foreseeability was not above a sufficient factor to impose jurisdiction upon the nonresident defendant, but also it had to consider the ties and connections between the defendant and its activities within the forum state. *World–Wide Volkswagen v. Woodson,* 444 U.S. at p. 297, 100 S.Ct. at p. 567. Also the activity within the forum has to be one that is more than one-sided because unilateral activity on its own does not satisfy the minimum contact requirement. *World–Wide Volkswagen v. Woodson,* 444 U.S. at 298, 100 S.Ct. at 567–568; *Hanson v. Denckla,* 357 U.S. at 253, 78 S.Ct. at 1239–1240.

About the possible effect of advertising, in *Loumar v. Smith,* 698 F.2d 759 (5th Cir.1983), it was held that advertising was not in and of itself sufficient to subject defendants to the plaintiffs' state jurisdiction. In *Growden v. Ed. Bowlin and Associates, Inc.,* 733 F.2d 1149, 1151 (5th Cir. 1984), plaintiff (a Louisiana resident), filed an action for damages due to a defective airplane bought from a Georgia corporation, which he saw advertised in a national publication. This corporation held no agents, telephone listings, office or place of business in Louisiana and the mere fact that advertisement reached Louisiana was not sufficient to establish minimum contacts with that forum. *See also Keeton v. Hustler Magazine, Inc.,* 682 F.2d 33 (1st Cir.1982).

■ The bare fact that a company knows that its product is going to a certain place per se, does not automatically subject the corporation to the jurisdiction of that state. Again, there has to be a close examination of its activities in the related forum to justify those minimum contacts.

Plaintiffs further claim that defendants failed to recall any of the Audis, despite the fact that they know the product to be

defective. This omission on defendants' part is not sufficient either to submit them to this jurisdiction. "It is not to be forgotten that jurisdiction is power, and that originally jurisdiction in personam required presence of the person. While power and presence have become largely symbolic, there still must be some form of submission to the state." *Chlebda v. H.E. Fortna & Bro., Inc.*, 609 F.2d 1022, 1024 (1st Cir. 1979) (failure of a Pennsylvania corporation to warn a Massachusetts resident of its defective product did not provide sufficient basis for application of Massachusetts's long arm statute to confer jurisdiction upon the corporation).

Plaintiffs also aver that part of defendants' total income is derived from the Puerto Rico sales. However, "VWOA did not manufacture, import, distribute, sell or warrant the Audi vehicle alleged in the complaint" (Sworn Statement of Cameron p. 4), or any other Audi vehicles for that matter. Even if there was evidence of this allegation, the United States Supreme Court in *World–Wide Volkswagen*, 444 U.S. at 299, 100 S.Ct. at 568, ruled that "financial benefits accruing to the defendant from a collateral relation to the forum state will not support jurisdiction if they do not stem from a constitutionally cognizable contact with that state." [5]

CONCLUSION

After applying the established criteria to analyze if Puerto Rico's long arm statute can be applied to defendants we find that plaintiffs have not been able to demonstrate that there are minimum contacts between the defendants, VWOA of America, Inc. and Audi of America, Inc., and this forum. To find otherwise would be a violation of due process and substantial fair play as already stated.

Therefore, in accordance with the above, having found no minimum contacts to support jurisdiction over these nonresident defendants, the motion to dismiss filed by defendants on May 10, 1988, is hereby granted and the complaint filed in this case

5. *Restating Kulko v. California Superior Court,*

is hereby dismissed. Judgment shall be entered accordingly.

IT IS SO ORDERED.

436 U.S. at 94–95, 98 S.Ct. at 1698.