**CELTA AGENCIES, INC., Plaintiff,**

v.

**DENIZCILIKSANAYI VE TICARET, A.S., et al., Defendants.**

**No. CIV. 01–1978(RLA).**

United States District Court,
D. Puerto Rico.

June 25, 2003.

José F. Sárraga–Venegas, Esq., Jorge L. Arroyo–Alejandro, Esq., San Juan, PR, for Plaintiff.

Manuel A. Moreda–Toledo, Esq., Henry O. Freese–Souffront, Esq., McConnell Valdes, Ian P. Carvajal–Zarabozo, Esq., Manuel Sosa–Baez, Esq., Saldaña & Carvajal, Juan A. López–Conway, Esq., Garcia & Fernandez, San Juan, PR, for Defendants.

### ORDER DENYING THIRD MOTION TO DISMISS FILED BY CODEFENDANT TEB SIGORTA, A.S.

ACOSTA, District Judge.

This is an action filed under the admiralty jurisdiction of this court brought by the owner and consignee of a shipment of cargo consisting of Prime Steel Reinforcing Bars for alleged rust and corrosion damages resulting during the ocean voyage.

Codefendant TEB SIGORTA, A.S., which issued a policy of insurance for the aforementioned cargo, has moved the court to dismiss the instant complaint alleging lack of in personam jurisdiction, improper venue and forum non conveniens which plaintiff has duly opposed. The court having considered the memoranda and evidence submitted by the parties in support of their respective positions hereby rules as follows.

### THE FACTS

The relevant facts to the controversy at hand are straightforward and not in controversy. However, the parties disagree on the inferences to be given to those facts.

On or about **July 10, 2000** a shipment of 7,896.177 MT of Prime Steel Reinforcing Bars (7,011 bundles) was sold by COLAKOGLU DIS TICARET, A.S., a steel producing mill in Istanbul Turkey, to plaintiff, CELTA AGENCIES, INC., for the sum of USD $1,653,138.78.

On or about **July 10, 2000** the aforementioned cargo was placed aboard the vessel M/V MANYAS I at the port of Diliskelesi, Turkey.

TEB SIGORTA, S.A., a corporate entity organized under and by virtue of the laws of the Republic of Turkey with an office and principal place of business in Istanbul, Turkey, issued marine insurance policy No. 93641 to the order of the shipper, COLAKOGLU DIS TICARET, A.S., covering the marine risks and liability associated with the shipment of the aforementioned cargo from the Port of Diliskelesi, Turkey to San Juan, Puerto Rico. TEB SIGORTA, S.A. has also issued marine insurance policies for similar shipments to plaintiff herein to the order of SCOTIABANK OF PUERTO RICO [4/24/99] to ORDER [9/30/00] and to the shipper [3/4/00].

All the aforementioned certificates, including the one involved in this litigation, specifically provide that "all marine... risks stating claims are payable and adjustable in Puerto Rico". They also make reference to an enclosed list for "the name and the address of **claims agent in Puerto Rico**." (emphasis ours).

### IN PERSONAM JURISDICTION

■ Defendant having challenged our authority to exercise personal jurisdiction it becomes plaintiff's burden to prove the necessary facts to establish that defendant is indeed amenable to judicial proceedings in this forum. *Jet Wine & Spirits, Inc. v. Bacardi & Co.,* 298 F.3d 1, 7 (1st Cir.2002); *Daynard v. Ness, Motley, Loadholt, Richardson & Poole,* 290 F.3d 42, 50 (1st Cir. 2002).

■ Absent an evidentiary hearing the court may determine *in personam* jurisdiction based on a *prima facie* review of the properly documented jurisdictional facts as presented by plaintiffs. *Jet Wine & Spirits, Inc.*, 298 F.3d at 7. "[I]n evaluating whether the prima facie standard has been satisfied, 'the district court is not acting as a factfinder; rather, it accepts properly supported proffers of evidence by a plaintiff as true and makes its ruling as a matter of law.'" *United States v. Swiss Am. Bank, Ltd.*, 274 F.3d 610, 619 (1st Cir.2001) (citing *United Elec. Radio & Mach. Workers of Am. v. 163 Pleasant St. Corp.*, 987 F.2d 39, 44 (1st Cir.1993)). *See also Daynard*, 290 F.3d at 51 (court need not resolve disputed facts but rather accepts plaintiff's proffer in ascertaining adequacy of *prima facie* showing).

■ When a federal question is the basis of jurisdiction and there is "insufficient statutory authorization for extraterritorial service," the Court's power to assert personal jurisdiction over a nonresident defendant is governed by the forum state's long arm statute. *United Elec., Radio and Mach. Workers v. 163 Pleasant St. Corp.*, 960 F.2d 1080, 1086 (1st Cir.1992). *See also Andreyev. v. Sealink, Inc.*, 143 F.Supp.2d 192, 196 (D.P.R.2001) (applying Puerto Rico's long arm provisions to suit in admiralty).

Our local long arm statute allows for the exercise of personal jurisdiction over nonresident defendants, *inter alios*, in situations when the litigation arises out of transactions conducted in Puerto Rico.[1] However, the Due Process Clause of the Fourteenth Amendment limits the power of a forum to assert personal jurisdiction over a nonresident defendant. *Helicopte-ros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984). Accordingly, when allowed to by the local long arm statute, the "exercise of personal jurisdiction must be found to be consistent with the due process requirement of the United States Constitution." *Davila–Fermin v. Southeast Bank, N.A.*, 738 F.Supp. 45, 47 (D.P.R.1990). *See also, Matosantos Commercial Co. v. Applebee's Intern. Inc.*, 2 F.Supp.2d 191, 195 (D.P.R.1998); *Rafael Margarida & Co. v. Audi of America, Inc.*, 721 F.Supp. 394, 398 (D.P.R.1989). Due Process is satisfied when personal jurisdiction is asserted over a nonresident defendant that has "certain minimum contacts" with the forum, such that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice." *Helicopteros Nacionales*, 466 U.S. at 413–414, 104 S.Ct. 1868; *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945). As part of this analysis, "[a]ll the facts must be evaluated to determine whether the defendant purposefully established minimum contacts within the forum." *Young v. Pannell Fitzpatrick & Co.*, 641 F.Supp. 581, 585 (D.P.R.1986).

■ Contacts are sufficient for the exertion of personal jurisdiction when they are the result of a purposeful act by defendant. The Supreme Court has made it very clear that "[t]he unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum state. The application of that rule will vary with the quality and nature of the defendant's activity, but it is essential in each case that there be some act by which the defendant

---

1. Rule 4.7 provides in its relevant part that " (a) [w]henever the person to be served is not domiciled in Puerto Rico, the general court of justice shall take jurisdiction over said person if the action or claim arises because said person: (1) Transacted business in Puerto Rico personally or through an agent..." 32 P.R. Laws Ann., App. III (1983).

purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Hanson v. Denckla,* 357 U.S. 235, 253, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958) (*citing Int'l Shoe Co.,* 326 U.S. at 319, 66 S.Ct. 154). Importantly, "random, isolated, or fortuitous" contacts with the forum are not enough. *Keeton v. Hustler Magazine, Inc.,* 465 U.S. 770, 774, 104 S.Ct. 1473, 79 L.Ed.2d 790 (1984). "Whether defendant's contact with the forum is described as an 'affirmative act' or 'purposeful availment,' the inherent foreseeability of consequences is one of the keystones of personal jurisdiction." *Escude Cruz v. Ortho Pharm., Corp.,* 619 F.2d 902, 904 (1st Cir.1980). Foreseeability requires that a defendant's contacts with the forum be such that said party "should reasonably anticipate being haled into court there." *World–Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980).

A single contact—so long as it is meaningful—may prove sufficient. *Andreyev v. Sealink Inc.,* 143 F.Supp.2d at 198. Further, it is particularly important to note that the underlying cause of action involves an insurance dispute and that "the Supreme Court has occasionally suggested that the test for measuring minimum contacts for insurance companies be somewhat less stringent than for other non-resident corporations." *Andreyev v. Sealink Inc.,* 143 F.Supp.2d at 198. "Whether a non-resident could foresee being hailed into the courts of a foreign jurisdiction is of special import when the non-resident is an insurance company." *Id.*

In sum, in making its in personam determination the court must first inquire if it is sanctioned by the local long-arm pro-vision and if so, ensure that it does not run contrary to the due process minimum contacts requirement.

It is undisputed that TEB SIGORTA, A.S. specifically insured merchandise destined to San Juan, Puerto Rico on various occasions from 1999 to 2000. Further, the pertinent Insurance Certificates issued by defendant for each one of those trips specifically provided that claims would be "adjustable and payable" locally and directed to a "claims agent" in Puerto Rico.

■ Based on the evidence at hand we find defendant purposefully availed itself of conducting activities within this forum when it insured products specifically sent to Puerto Rico on various occasions. Further, it was reasonably foreseeable for the insurer that claims arising regarding the insurance might be instituted locally since its own Insurance Certificates provided for adjustment and payment of claims in Puerto Rico and the insurance agreement made reference to a local claims agent.

Accordingly, the motion to dismiss for lack of in personam jurisdiction filed by TEB SIGORTA A.S. is **DENIED.**[2]

### FORUM NON CONVENIENS

In the alternative, TEB SIGORTA, A.S. prays for dismissal of this suit based on principles of forum non conveniens. This doctrine grants discretion to the court to dismiss a suit where it is shown that there is an adequate alternative forum i.e., that there is available in a foreign country a court capable of entertaining the controversy and rendering a fair judgment. Further, the change of location must be grounded on the substantial convenience both to the court and the parties which

---

**2.** Because the court has found it has personal jurisdiction over the defendant there is no need to examine the applicability of Rule 4(k)(2) Fed.R.Civ.P. regarding nationwide service. Likewise, the prayer for dismissal based on improper venue is also **DENIED.**

requires weighing both the private and public interests at stake.

"The doctrine of forum non conveniens permits a trial court, on a discretionary basis, to dismiss a case where an alternative forum is ... available in another country that is fair to the parties and substantially more convenient for them or the courts." *Nowak v. Tak How Invs. Ltd.*, 94 F.3d 708, 719 (1st Cir.1996) (citing *Howe v. Goldcorp. Invs., Ltd.*, 946 F.2d 944, 947 (1st cir.1991), cert. denied, 502 U.S. 1095, 112 S.Ct. 1172, 117 L.Ed.2d 418 (1992)), cert. denied, 520 U.S. 1155, 117 S.Ct. 1333, 137 L.Ed.2d 493 (1997).

It is settled that plaintiff's choice of forum is entitled to deference. Thus, it is defendant's burden to show "both that an adequate alternative forum exists and that considerations of convenience and judicial efficiency strongly favor litigating the claim in the alternative forum." *Iragorri v. Int'l Elevator, Inc.*, 203 F.3d 8, 12 (1st Cir.2000).

In arguing the adequacy of Turkey as the better alternative defendant avers this type of suit may be brought in Turkish courts and that TEB Sigorta A.S. is amenable to service of process thereat. Further, it points to the fact that in addition to the insurer, the vessel's owner/charterer/operator as well as the shipper are Turkish entities and that the insurance policy was issued in Turkey. Movant also contends that evidence regarding the shipped goods up to the embarkation point lies within Turkey. In addition, defendant argues plaintiff is a "sophisticated business enterprise involved in international trade, not a single individual who could be unduly burdened by litigation in a foreign forum."

Third Motion to Dismiss (docket No. 59) pp. 13–14.

Assuming Turkey is an available alternative forum, as previously noted, we are bound to give deference to plaintiff's choice of forum and may only dismiss the claim in favor of Turkey should it become evident after having considered all public and private interests at stake that these tip heavily toward dismissal.

Puerto Rico, as the destination point of the goods, where the damages were inspected, and a survey conducted also has substantial connection to the evidence and claims. Plaintiff has asserted federal maritime law as grounds for relief which this court is empowered to grant. Further, not all parties to this action would be amenable to the jurisdiction of Turkish courts.[3]

When considering the prejudice alleged by SIGORTA in having to litigate in this forum vel non the local contacts, as well as the evidence and availability of a complete remedy involving all parties to the controversy we do not find it substantial enough to move our discretion to disregard plaintiff's choice.

Accordingly, the petition for dismissal based on forum non conveniens is **DENIED**.

## CONCLUSION

Based on the foregoing, the Third Motion to Dismiss ... filed by defendant TEB SIGORTA, A.S. (docket No. 59)[4] is **DENIED**.

IT IS SO ORDERED.

---

**3.** See, i.e., Octagon Marine Service's Inc. Motion Regarding TEB Sigorta's Motion... (docket No. **64**) strongly objecting to Turkish jurisdiction on both procedural and economic grounds.

**4.** *See also* Plaintiff's Opposition... (docket No. **61**); Reply... (docket No. **62**) and Plaintiff's Sur–Response... (docket No. **63**).