**Pedro I. RUBI, Plaintiff,**

v.

**Carole SLADEWSKI, Defendant.**

**Civ. No. 83–2059(RLA).**

United States District Court,
D. Puerto Rico.

Aug. 6, 1986.

A.J. Amadeo Murga, Hato Rey, P.R., for plaintiff.

José R. Jiménez del Valle, Hato Rey, P.R., for defendant.

## OPINION AND ORDER

ACOSTA, District Judge.

The above-captioned matter is one based on diversity jurisdiction pursuant to 28 U.S.C. sec. 1332. Plaintiff, Pedro I. Rubi, is a resident of Puerto Rico, and defendant, Carole Sladewski, is a resident of Michigan.

Plaintiff herein claims defendant is liable under torts for intentional infliction of mental distress caused by the deprivation of the contact and relationship with his son.

Service of process was made pursuant to the provisions of Puerto Rico's long-arm statute, 32 L.P.R.A.App. III, R. 4.5 and 4.7 (1979).

Pending before the Court is defendant's motion to dismiss for lack of *in personam* jurisdiction (Docket No. 9),[1] and plaintiff's motion for summary judgment (Docket No. 16).[2]

## PROCEDURAL BACKGROUND

On October 19, 1979, the Superior Court of Puerto Rico, San Juan Part, entered a divorce decree dissolving the marriage between the parties herein.[3] Thereafter, defendant established her residence in Michigan, as per stipulation subscribed by the parties and counsel and made part of the decree.[4] The stipulation also established plaintiff's visitation rights during summer vacations and Christmas,[5] and provided terms for child support payments.

On August 23, 1983, plaintiff filed this action. According to the complaint, defendant moved to Michigan with the deliberate intent to deprive plaintiff from having any relationship with his son and,

thereafter, refused to send the minor to the Commonwealth of Puerto Rico, in contravention of the divorce decree and stipulations. He further claims defendant has kept the minor in Michigan through illegal acts, including the obtention of an order from the Michigan State Courts restraining removal of the minor child from the State of Michigan.

## MOTION TO DISMISS

In her motion to dismiss,[6] defendant avers that the only way this Court may obtain jurisdiction over a nonresident is through Puerto Rico's long-arm statute, 32 L.P.R.A.App. III, R. 4.7. She argues that since she has resided in Michigan since 1979 and has not been in Puerto Rico since then, the tortious conduct, if any, occurred in Michigan and, therefore, this Court may not exercise personal jurisdiction over her.

Plaintiff counters that defendant removed the minor from Puerto Rico with the deliberate intent to deprive him of all contact and relationship with his son. He argues that, pursuant to Rule 4.7(a)(1) of the Puerto Rico Rules of Civil Procedure, this Court may exercise personal jurisdiction over defendant as a result of the transactions he and defendant engaged in Puerto Rico. He further argues that, pursuant to Rule 4.7(a)(2) of the Puerto Rico Rules of Civil Procedure, a transaction involving minimum contacts need not be performed in Puerto Rico since "/i/t has been established that a tort is committed in the place where the injury occurs."[7] Therefore, although the conduct that harmed plaintiff may have occurred outside of Puerto Rico,

---

**1.** Defendant filed her motion to dismiss for lack of jurisdiction on December 29, 1983 (Docket No. 9), plaintiff filed his opposition thereto on February 8, 1984 (Docket No. 13).

**2.** Plaintiff's motion for summary judgment was filed on June 29, 1984 (Docket No. 16). Defendant opposed the motion on August 15, 1984 (Docket No. 19) and plaintiff filed a supplemental motion on January 29, 1986 (Docket No. 30).

**3.** Case No. RF–77–6701, memorandum in opposition to motion to dismiss, p. 2 (Docket No. 13).

**4.** It was stipulated, *inter alia,* that defendant herein was to have custody of the son and that her permanent residence would be in the State of Michigan. See, translation of Stipulation No. 3 filed by plaintiff with his motion for summary judgment (Docket No. 16).

**5.** *Id.,* Stipulation No. 4.

**6.** Motion to dismiss for lack of jurisdiction filed on December 29, 1983 (Docket No. 9).

**7.** Plaintiff's memorandum in opposition to motion to dismiss, p. 3, para. 3 (Docket No. 13).

the injury to plaintiff (his mental anguish) occurred in Puerto Rico.

After a careful scrutiny of the arguments presented by the parties, the Court finds there is no *in personam* jurisdiction.[8]

## ARGUMENTS

■ Jurisdiction is the power of the Court to adjudicate a particular controversy. This being a diversity case, the Court's jurisdiction over the person of the nonresident defendant is governed by the forum's long-arm statute. *See, Mangual v. General Battery Corp.,* 710 F.2d 15, 18 (1st Cir.1983). Under Puerto Rico's long-arm statute, 32 L.P.R.A.App. III, R. 4.7, this Court would have jurisdiction over defendant if the action or claim arose as a result of her carrying out business transaction or a tortious act, within Puerto Rico, personally or through her agent.[9]

In the case of *Escude Cruz v. Ortho Pharmaceutical,* 619 F.2d 902 (1st Cir. 1980), the First Circuit Court of Appeals summarized the criteria stated by the Supreme Court of Puerto Rico for the purpose of *in personam* jurisdiction as follows:

In *A.H. Thomas Co. v. Superior Court,* 98 P.R.R. 864 (1970), the Supreme Court of Puerto Rico ... adopted a three-pronged test for determining whether *in personam* jurisdiction can be asserted over a nonresident. One, there must be an act done or consummated within the forum by the nonresident defendant. Physical presence is not necessary; the act or transaction may be by mail. Two, the cause of action must arise out of the defendant's action within the forum

state. Three, the activity linking defendant, forum and cause of action must be substantial enough to meet the due process requirements of "fair play and substantial justice ..."

*Escude Cruz, supra,* 619 F.2d at 904–05 (citations omitted).

■ Without further consideration, it is clear that defendant, neither personally nor through her agent, has committed a tortious act within Puerto Rico. The alleged tortious conduct occurred in Michigan.

The Supreme Court of Puerto Rico has not decided whether Rule 4.7(a)(2) of the Puerto Rico Rules of Civil Procedure applies to wrongful acts committed outside the State which caused an injury within the State. However, the long-arm statute rule permits the exercise of jurisdiction to the full extent of constitutional authority. *See, Mangual v. General Battery Corp., supra,* 710 F.2d at 15. We must, therefore, consider whether or not defendant carried on business transactions within Puerto Rico.

Plaintiff argues that in the case of *Medina v. Tribunal Superior,* 104 D.P.R. 346 (1975), the Supreme Court of Puerto Rico extended the term "transactions" to cover actions related with the welfare of minors, such as child support, visitation rights and custody proceedings. We agree. However, this action involves none of those. Although this suit has intrafamily aspects, it is not one seeking the determination of entitlement to custody or adjustment of any other family status.[10] Plaintiff in this suit seeks monetary relief exclusively.

---

8. Since the Court disposes of this matter through the motion to dismiss, plaintiff's motion for summary judgment will not be entertained.

9. Rule 4.7 of the Puerto Rico Rules of Civil Procedure, 32 L.P.R.A.App. III, R. 4.7, states where pertinent:

(a) Whenever the person to be served is not domiciled in Puerto Rico, the General Court of Justice shall take jurisdiction over said person if the action or claim arises because said person:

(1) Transacted business in Puerto Rico personally or through an agent; or
(2) Participated in tortious acts within Puerto Rico personally or through his agent;
. . .

10. Were it so, then the domestic relations exception should apply to entirely defeat federal jurisdiction. *See, Sutter v. Pitts,* 639 F.2d 842, 843 (1st Cir.1981). *See also, Wasserman v. Wasserman,* 671 F.2d 832, 834 (4th Cir.1982) and cases cited therein.

"/I/t is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *A.H. Thomas Co., supra,* 98 P.R.R. at 869, quoting from *Hanson v. Denckla,* 357 U.S. 235, 253, 78 S.Ct. 1228, 1239, 2 L.Ed.2d 1283 (1958). The fact that she used the courts of Puerto Rico for her divorce action is not enough to warrant the State's assertion of *in personam* jurisdiction over the nonresident in a cause of action not related to the divorce.[11]

[redacted] Even were we to find there are contacts between the defendant and the State, "assumption of jurisdiction based upon such contact must be consonant with the due process tenets of 'fair play' and 'substantial justice.' If this test is fulfilled, there exists a 'substantial minimum contact' between the forum and the defendant." *A.H. Thomas Co., supra,* 98 P.R.R. at 870. However, mere arguments and allegations of jurisdiction are not enough when jurisdiction has been challenged. *See, Johnson Creative Arts v. Wool Masters,* 743 F.2d 947 (1st Cir.1984).

It is incumbent upon plaintiff to prove facts necessary to sustain jurisdiction. *The American Freedom Train Foundation v. Spurney,* 747 F.2d 1069, 1075 (1st Cir. 1984).

We find the arguments presented by plaintiff on this issue are unconvincing and do not establish the minimum contacts necessary to allow *in personam* jurisdiction under the due process clause. On the contrary, we feel that a finding of minimum contacts under the particular circumstances of this case would be so remote that it would violate all semblance of "fair play and substantial justice." *See, International Shoe Co. v. State of Washington,* 326 U.S. 310 at 316, 66 S.Ct. 154 at 158, 90 L.Ed. 95 (1945).

Since this is not a case involving the welfare of a minor and plaintiff has provided no evidence that defendant has conducted any other activity within this forum, we find that defendant did not transact any business in Puerto Rico within the meaning of *Medina, supra,* 104 D.P.R. at 346, or otherwise and, therefore, the Court has not acquired jurisdiction under Rule 4.7(a)(1) or (2) of the Puerto Rico Rules of Civil Procedure.

In view of all the above, defendant's motion to dismiss for lack of *in personam* jurisdiction filed on December 29, 1983 (Docket No. 9) is hereby granted and the complaint is hereby dismissed. Judgment shall be entered accordingly.

IT IS SO ORDERED.

[redacted]

11. The Court notes that the claim asserted in this action does not arise from or require any present or previous family relation, but could have arisen between people with no marital relationship whatsoever or even strangers. *See, Wasserman, supra,* 671 F.2d at 834.