**Axel A. VIZCARRA PELLOT, Maria E. Colom Rodriguez, Heidi Marie Vizcarra, Axel A. Vizcarra Colom, Axel Joel Vizcarra Colom, Plaintiffs,**

v.

**FORD MOTOR COMPANY, United Technologies Automotive, Inc., Trail Lincoln Mercury Dealer, Defendants.**

No. CIV. 99–1115(RLA).

United States District Court,
D. Puerto Rico.

May 12, 2003.

Axel A. Vizcarra, Carolina, PR, Pro se.

Carlos A. Steffens–Guzmán, Esq., Manuel A. Guzmán–Rodríguez, Esq., Guzman & Steffens, Antonio Gnocchi–Franco, Esq., San Juan, PR, for Defendants.

## ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS

ACOSTA, District Judge.

Before the Court is defendants' motion to dismiss for lack of jurisdiction, which plaintiffs timely opposed.[1] For the reasons set forth herein, the Court hereby grants Defendants' Motion to Dismiss.

### BACKGROUND

#### The Parties

 Plaintiffs are AXEL A. VIZCARRA PELLOT, his wife MARIA ESTHER

---

1. *See* Defendants' Motion to Dismiss, docket No. 15; plaintiffs' opposition, docket No. 22; defendants' Reply, docket No. 29; and plaintiffs' sur-reply, docket No. 35. After careful review of the issues, the arguments and the applicable law, the Court is in a position to rule on defendants' motion to dismiss and plaintiffs' opposition without the need for oral argument. *See* Defendants' Petition for Oral Argument (docket No. 35).

COLOM RODRIGUEZ and their minor children HEIDI MARIE, AXEL ANTONIO and AXEL JOEL ("VIZCARRA FAMILY"). They appear *pro se*.[2] Defendants are FORD MOTOR COMPANY ("FORD"), UNITED TECHNOLOGIES AUTOMOTIVE, INC.[3] ("UTA") and TRAIL LINCOLN MERCURY DEALER.[4]

### The Claims

The VIZCARRA FAMILY claim to be the owners of a 1992 Lincoln Town Car manufactured by FORD. The vehicle's ignition switch was allegedly manufactured by UTA and FORD incorporated it into the vehicle. Plaintiffs bought the vehicle from LMM, a FORD vehicle dealership with its principal place of business in the state of Florida. It was shipped to Puerto Rico on October 1992. According to the VIZCARRA FAMILY, on February 2, 1998, the vehicle was lost in a fire caused by the allegedly defective ignition switch. Since, at the time of the fire, the vehicle was unoccupied there were no personal injuries. The vehicle's 4–year or 50,000 miles written warranty provided by FORD had expired by approximately 2 years.

On February 2, 1999, plaintiffs filed suit against defendants. Jurisdiction was premised on the Magnuson–Moss Warranty Act, 15 U.S.C. § 2301, et seq., and diversity of citizenship.

### UTA and LMM's Motion to Dismiss: Lack of Specific Personal Jurisdiction

#### Facts Applicable to UTA

UTA's motion to dismiss for lack of personal jurisdiction was accompanied by Susan M. Brey's declaration under penalty of perjury ("Brey's Declaration"). At the time, she was a Litigation Assistant in the Litigation Department of Hamilton Sundstrand and was employed as a Litigation Assistant by UTA from September 1996 to May 4, 1999. Plaintiffs have not attempted to controvert Brey's Declaration, from which we ascertain that:

a. UTA was a Delaware corporation with its principal place of business in Michigan. Brey Declaration, ¶ 4.

b. UTA has had no offices, plants or facilities in Puerto Rico. *Id.* ¶ 5.

c. UTA has not owned any real or personal property in Puerto Rico. *Id.* ¶ 6.

d. UTA has conducted no direct advertising or marketing of its products within Puerto Rico. *Id.* ¶ 8.

e. UTA has never been licensed to do business in Puerto Rico, and has never had an agent for acceptance of service of process in the Commonwealth. *Id.* at ¶ 7.

f. UTA designed the ignition switches in Michigan and manufactured them in plants in Michigan and Ohio. *Id.* at § 9.

---

**2.** Plaintiffs also purport to appear on behalf of other similarly situated residents of Puerto Rico. However, there has been no attempt to certify the case as a class action and not being authorized to practice law before this District Court, the VIZCARRA FAMILY may not legally represent similarly situated residents of Puerto Rico in this case. Therefore, this judgment only affects the VIZCARRA FAMILY who are the only proper plaintiffs in this action.

**3.** UTA is now known as Lear Corporation EEDS and Interiors ("LEAR"). Lear acquired UTA on May 4, 1999.

**4.** Trail is the name under which LM Motors ("LMM") formerly did business. At the time of the filings, LMM was doing business as Legacy Lincoln Mercury. We will refer to this party as LMM.

g. UTA did not design the ignition switches for particular sale or use in Puerto Rico nor does UTA regularly service customers in Puerto Rico with respect to its ignition switches or otherwise. *Id.* at § 10.

h. UTA did not market its ignition switches through distributors located in Puerto Rico. *Id.* at § 11.

i. UTA delivered the ignition switches to FORD's plant in Indiana. *Id.* at § 9.

### Facts applicable to LMM

LMM's motion to dismiss for lack of personal jurisdiction was accompanied by Alan Murphy's declaration under penalty of perjury ("Murphy's Declaration"). At the time, he was one of the partners of LMM as well as LMM's Vice–President and General Manager. Plaintiffs have not attempted to controvert Murphy's Declaration, from which we ascertain that:

a. LMM is a Florida corporation with its principal place of business in Florida. Murphy's Declaration, ¶ 4.

b. LMM has had no offices, plants, facilities, employees, payroll, telephone listing, distributors or sales agents in Puerto Rico. *Id.* ¶ 5.

c. LMM has not owned any real or personal property in Puerto Rico. *Id.* ¶ 6.

d. LMM has conducted no direct advertising or marketing of its products within Puerto Rico, and has never purposely directed merchandising efforts specifically toward residents of Puerto Rico. *Id.* ¶ 8.

e. LMM has never been licensed nor has LMM ever sought a license to do business in Puerto Rico, and has never had an agent for acceptance of service of process in the Commonwealth. *Id.* at ¶ 7.

f. LMM is not in the business of selling vehicles overseas. *Id.* at § 4.

g. LMM did not offer plaintiffs any additional warranties nor did LMM extend the duration period of the warranty provided by FORD. *Id.* at § 10.

h. LMM did not market plaintiffs' vehicle nor any other vehicle or product through distributors or agents located in Puerto Rico.

### Plaintiffs' Burden to Show Existence of Personal Jurisdiction

■ When a nonresident defendant challenges personal jurisdiction, plaintiff has the burden of establishing that jurisdiction exists over the nonresident defendant. *Peguero v. Hernandez Pellot,* 139 D.P.R. 487, 508 (1995); *Sawtelle v. Farrell,* 70 F.3d 1381, 1387 (1st Cir.1995); *Escude Cruz v. Ortho Pharmaceutical Corp.,* 619 F.2d 902, 904 (1st Cir.1980); *Andreyev v. Sealink, Inc.,* 143 F.Supp.2d 192, 196 (D.P.R.2001).

■ To meet this burden, plaintiff must make a *prima facie* showing that the court may exercise jurisdiction based on specific facts alleged in submitted affidavits and exhibits. *Rivera v. Bank One,* 145 F.R.D. 614, 616 (D.P.R.1993); *Foster–Miller, Inc. v. Babcock & Wilcox Canada* 46 F.3d 138, 145 (1st Cir.1995); *Rodriguez v. Dixie Southern Industrial, Inc.,* 113 F.Supp.2d 242, 249 (D.P.R.2000). This *prima facie* showing must be based on evidence that goes beyond the pleadings. *Molina v. Supermercado Amigo Inc.,* 119 D.P.R. 330, 336–337 (1987). Plaintiff "cannot ordinarily rest upon the pleadings but is obliged to adduce evidence of specific facts" establishing personal jurisdiction over the non-resident defendant. *Foster–Miller,* 46 F.3d at 145. The evidence of specific facts to be adduced by plaintiffs

must demonstrate that (1) personal jurisdiction over UTA and LMM is authorized by the Commonwealth of Puerto Rico's Long–Arm Statute, and (2) this Court's assertion of jurisdiction is consistent with the due process requirements of the Constitution of the United States.

*Puerto Rico's Long–Arm Statute.*

There is a three-part test to determine whether a court has personal jurisdiction over a nonresident defendant. *Peguero,* 139 D.P.R. at 508; *Arthur H. Thomas Co. v. Superior De Puerto Rico,* 98 D.P.R. 883, 890 (1970). The test requires: (1) an act done or consummated within the forum by the nonresident defendant; (2) the cause of action must arise out of the defendant's action within the forum state; and (3) the activity linking defendant, forum and cause of action must be substantial enough to meet the due process requirements of 'fair play and substantial justice.' *See also, Industrial Siderurgica v. Thyssen Steel Caribbean,* 114 D.P.R. 548, 554–555 (1983), *Pou v. American Motors Corp.,* 127 D.P.R. 810 (1991), *Escude Cruz,* 619 F.2d at 904.

Plaintiffs did not submit affidavits or any other exhibits that would controvert UTA and LMM's statements under penalty of perjury in the matters regarding these two defendants' contacts with this forum. Therefore, it is undisputed that UTA and LMM did not engage in solicitation of sales in Puerto Rico, did not have offices, plants or facilities in Puerto Rico, and have not committed any acts within the Commonwealth of Puerto Rico. In essence, LMM and UTA have had no contacts with the Commonwealth of Puerto Rico whatsoever. Therefore, personal jurisdiction over them cannot be based on the first prong of the three-part test.

As to the second prong of this test, plaintiffs' case is not one where the action or claim arises from a tort committed by the nonresident within Puerto Rico personally or through his agent. By plaintiffs' own admission and supported by LMM and UTA's statements, the defective part was manufactured and designed outside this forum, it was incorporated in the vehicle while outside this forum and the purchase of the vehicle was made outside this forum. Therefore, personal jurisdiction over LMM and UTA cannot be based on the second prong of the three-part test. Since there is no activity linking UTA and LMM to the forum, we need not look at the test's third prong.

*Due Process Requirements*

To satisfy the Due Process requirements guaranteed by the U.S. Constitution, plaintiffs have the burden of showing that UTA and LMM have "certain minimum contacts"; with the forum state "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice'" and that it is "reasonable . . . to require the corporation to defend the particular suit which is brought there." *International Shoe Co. v. Washington,* 326 U.S. 310, 316–17, 66 S.Ct. 154, 90 L.Ed. 95 (1945). *See also, Peguero,* 139 D.P.R. at 508; *Escude Cruz,* 619 F.2d at 905. "[T]he substantial connection . . . necessary for a finding of minimum contacts must come about by an action of the defendant purposefully directed toward the forum state," and the defendant must be shown to have taken action "to purposefully avail itself of the . . . market" of the forum state, or to have "purposefully . . . invoke[d] the benefits and protections of its laws." *Asahi Metal Industry Co. v. Superior Court of California,* 480 U.S. 102, at 103, 108–109, 107 S.Ct. 1026, 94 L.Ed.2d 92 (1987). *See also, Davila–Fermin v. Southeast Bank, N.A.,* 738 F.Supp. 45, 50 (D.P.R.1990) (" '[n]o pur-

poseful availment' on the part of defendant being proved, it would offend due process to assert jurisdiction over it solely as a result of its 'random, fortuitous or attenuated' contacts with [the] forum").

Plaintiffs have failed to demonstrate to the Court that UTA and LMM have had any contact with this forum, let alone the minimum contacts that are constitutionally required. Therefore, plaintiffs have failed to show that the Court has specific personal jurisdiction over UTA and LMM.

### UTA and LMM's Motion to Dismiss: Lack of General Jurisdiction

■■■■■ "A district court may exercise authority over a defendant by virtue of either general or specific jurisdiction." *Donatelli v. National Hockey League*, 893 F.2d 459, 462–63 (1st Cir.1990). General jurisdiction "exists when the litigation is not directly founded on the defendant's forum-based contacts, but the defendant has nevertheless engaged in continuous and systematic activity, unrelated to the suit, in the forum state." *United Elec., Radio & Mach. Workers v. 163 Pleasant St. Corp.*, 960 F.2d 1080, 1088 (1st Cir. 1992). *Massachusetts School of Law at Andover, Inc. v. American Bar Ass'n*, 142 F.3d 26, 34 (1st Cir.1998).

Acquiring general jurisdiction over a defendant is more difficult and the test more stringent, as it requires a showing of "continuous and systematic contacts" with the forum state, not merely "minimum contacts." *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414–416 n. 9, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984); *Noonan v. Winston Co.*, 135 F.3d 85, 89 (1st Cir.1998). To exercise general jurisdiction over UTA and LMM, plaintiffs had to show that these defendants had extensive, wide-ranging, substantial, continuous, and systematic contacts with the forum. *See Mansour v. Superior Court*,

38 Cal.App.4th 1750, 1758, 46 Cal.Rptr.2d 191, 195 (1995). Judging from the specific evidence that plaintiffs had the burden of adducing, it appears that UTA and LMM have never had any contacts with this forum. Therefore, plaintiffs failed to demonstrate that this Court has general jurisdiction over LMM and UTA.

Accordingly, the complaint filed by plaintiffs against UTA and LMM is hereby DISMISSED for lack of jurisdiction.

### Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction: Federal Question

■■■■ District Courts have original jurisdiction over actions that arise "under the Constitution, laws, or treaties of the United States." *See Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 808, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986). "In most cases coming within the district courts' federal question jurisdiction, federal law either creates or implies the plaintiff's cause of action." *See Nashoba Communications, Ltd. v. Town of Danvers*, 893 F.2d 435, 437 (1st Cir.1990).

■■■■ For a claim to arise under federal law within the meaning of section 1331, a federal cause of action must appear on the face of a well-pleaded complaint. *American Policyholders Ins. Co. v. Nyacol Products, Inc.*, 989 F.2d 1256, 1261 (1st Cir. 1993); *Ching v. Mitre Corp.*, 921 F.2d 11, 13 (1st Cir.1990). The purpose of the well-pleaded complaint rule is to "restrict[ ] the exercise of federal question jurisdiction to instances in which a federal claim is made manifest within the four corners of the plaintiffs' complaint. *See BIW Deceived*, 132 F.3d at 831; *McCoy v. Massachusetts Inst. of Tech.*, 950 F.2d 13, 15 n. 1 (1st Cir.1991)." *Viqueira v. First Bank*, 140 F.3d 12, 17 (1st Cir.1998). That is, "[t]he plaintiffs' complaint [must] contain specific allegations sufficient to frame a cause of

action under [the particular federal statute] and the plaintiffs may not premise jurisdiction on subjective characterizations of a complaint's allegations." *Id.* at 18.

■ Plaintiffs premise their § 1331 jurisdictional claims on the Magnuson–Moss Warranty Act ("MMWA"), a federal statute that specifies minimum standards for warranties on "consumer products". *See* 15 U.S.C.A. § 2304. These standards apply to the contents of warranties,[5] the terms and conditions of service contracts,[6] and provides remedies to consumers who fall prey to warrantors [7] that do not honor their warranties or service contracts.[8]

For plaintiffs to have a cause of action under the MMWA, the defendants must have refused to honor the warranty provided with the VIZCARRA FAMILY's vehicle or otherwise refused to honor it in the manner prescribed by the MMWA. Plaintiffs have failed to allege that the warranty provided by FORD [9] did not comply with the MMWA or that FORD has refused to honor the warranty. Plaintiffs have also failed to allege what provision of the MMWA FORD has not complied with. Thus, in analyzing the four corners of the plaintiffs' complaint, we conclude that plaintiffs have failed to plead a cause of action arising under a federal statute.

■ In any event, plaintiffs readily concede that the vehicle had a 4–year warranty.[10] Thus, if the vehicle was bought in October 1992, the warranty expired in October 1996; 2 years before the fire occurred. A condition precedent to an action under the MMWA is that the warranty must not have expired or run its course. If the warranty has expired, then the warrantor no longer has a duty towards the consumer and the consumer may not invoke the MMWA and its remedies. Since there was no warranty in effect when the fire occurred, plaintiffs do not have a cause of action under the MMWA.

Plaintiffs argue that the warranty had been extended because of a third party's allegedly negligent acts that damaged the vehicle's roof. We fail to see how such acts would give rise to anything other than a direct right of action against said third party or, at the very best, an extension of the warranty as to the roof. However, plaintiffs have failed to submit affidavits or exhibits to show that the 4–year warranty was extended by any of the defendants. *See Rivera,* 145 F.R.D. at 616; *Foster–Miller,* 46 F.3d at 145; *Rodriguez,* 113 F.Supp.2d at 249. Unsupported allegations are just not enough. *See Foster–Miller,* 46 F.3d at 145; *Molina,* 119 D.P.R. at 336–37.

In view of all of the above, plaintiffs' cause of action against FORD pursuant to the MMWA is hereby **DISMISSED**.[11]

Judgment to issue.

IT IS SO ORDERED.

---

**5.** *See* 15 U.S.C.A. § 2302.

**6.** *See* 15 U.S.C.A. § 2306.

**7.** "The term 'warrantor' means any supplier or other person who gives or offers to give a written warranty or who is or may be obligated under an implied warranty." 15 U.S.C.A. § 2301(5).

**8.** *See* 15 U.S.C.A. § 2310.

**9.** The only remaining defendant at this point.

**10.** Although there appears to be some dispute as to whether the vehicle's warranty lasted 3 or 4 years, exhibits submitted by plaintiffs support the conclusion that the warranty was for 4 years.

**11.** Having dismissed the complaint under these grounds, the Court shall not discuss the alternate grounds asserted by defendants in their motions.

## JUDGMENT

The Court having granted Defendants' Motion to Dismiss through Order issued on this same date; it is hereby

ORDERED and ADJUDGED that the complaint filed in this case be and the same is hereby DISMISSED.

IT IS SO ORDERED.