**MATOSANTOS COMMERCIAL CO., Plaintiff,**

v.

**APPLEBEE'S INTERNATIONAL, INC., Defendant.**

No. 96–1844 (DRD).

United States District Court, D. Puerto Rico.

Feb. 24, 1998.

Hector Saldana–Egozcue, Saldana & Vallecillo, Hato Rey, PR, for Plaintiff.

Maria C. Taboas, Fiddler, Gonzalez & Rodriguez, San Juan, PR, for Defendant.

### *OPINION AND ORDER*

DOMINGUEZ, District Judge.

The court had referred the pending Motion to Dismiss for Lack of *In Personam* Jurisdiction in the instant case, (Docket No. 7), to Magistrate Judge Justo Arenas for a Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B), Fed.R.Civ.P. 72(b), and Rule 503, Local Rules, District of Puerto Rico. On November 12, 1997, in a comprehensive and well-reasoned report, the Magistrate Judge recommended that the motion be granted. However, Defendant has filed objections to said recommendation, which the court now considers.

Plaintiff objects stating that the Magistrate Judge "misapprehended the law" because there is *in personam* jurisdiction over Defendant Appleblee's International, Inc. For the reasons stated below, the court approves and adopts the Magistrate Judge's Report and Recommendation, granting the Motion to Dismiss for Lack of *In Personam* jurisdiction.[1] In addition, the court denies the pending Motion for Discovery. (Docket No. 21.)

### I. Standard for Reviewing a Magistrate's Report and Recommendation

A district court may, on its own motion, refer a pending matter to a United States Magistrate Judge for a report and recommendation. 28 U.S.C. § 636(b)(1)(B) (1993); Fed.R.Civ.P. 72(b); Rule 503, Local Rules, District of Puerto Rico. *See Mathews v. Weber,* 423 U.S. 261, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). Of course, the plaintiff may contest the magistrate's report and recommendation; 28 U.S.C. § 636(b)(1) (1993), provides in pertinent part:

---

1. The court expresses no opinion as to whether *in personam* exists jurisdiction as to Apple Development Associates II and Gourmet Systems of Georgia, Inc.

Within ten days of being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate.

This statutory provision is echoed by Fed. R.Civ.P. 72(b) and Local Rule 510.2. In addition, Local Rule 510.2(A) states: "Any objections to the Magistrate Judge's proposed findings, recommendation, or report must be filed with the Clerk of the Court within ten (10) days after being served with [a] copy thereof. *Failure to file objections within the specified time waives the right to appeal the District Court's order.*" (Emphasis added.) Similar rules have been approved by the U.S. Supreme Court. *Thomas v. Arn,* 474 U.S. 140, 155, 106 S.Ct. 466, 88 L.Ed.2d 435 (1980), *reh'g denied,* 474 U.S. 1111, 106 S.Ct. 899, 88 L.Ed.2d 933 (1986) (holding that "a court of appeals may adopt a rule conditioning appeal, when taken from a district court judgment that adopts a magistrate's report and recommendation, upon the filing of objections with the district court identifying those issues on which further review is desired").

Pursuant to this rule, "[a]bsent objection by the plaintiffs, the district court had a right to assume that plaintiffs agreed to the magistrate's recommendation." *Templeman v. Chris Craft Corp.,* 770 F.2d 245, 247 (1st Cir.1985), *cert. denied,* 474 U.S. 1021, 106 S.Ct. 571, 88 L.Ed.2d 556 (1985). Moreover, "[f]ailure to raise objections to the Report and Recommendation waives that party's right to review in the district court and those claims not preserved by such objection are precluded on appeal." *Davet v. Maccarone,* 973 F.2d 22, 30–31 (1st Cir.1992). *See also Henley Drilling Co. v. McGee,* 36 F.3d 143, 150–151 (1st Cir.1994) (holding that objections are required when challenging findings actually set out in magistrate's recommenda-

tion, as well as magistrate's failure to make additional findings); *Lewry v. Town of Standish,* 984 F.2d 25, 27 (1st Cir.1993) (stating that "[o]bjection to a magistrate's report preserves only those objections that are specified"); *Keating v. Secretary of H.H.S.,* 848 F.2d 271, 275 (1st Cir.1988); *Borden v. Secretary of H.H.S.,* 836 F.2d 4, 6 (1987) (holding that appellant was entitled to a de novo review, "however he was not entitled to a de novo review of an argument never raised"). See generally *United States v. Valencia–Copete,* 792 F.2d 4, 6 (1st Cir.1986); *Park Motor Mart, Inc. v. Ford Motor Co.,* 616 F.2d 603, 605 (1st Cir.1980).

## II. Factual Background

In 1992, Defendant Applebee's International, Inc. (hereinafter referred to as AII) executed a contract granting Apple Development Associates II (hereinafter referred to as ADA), a Florida general partnership, the exclusive rights to develop franchise units of "Applebee's Neighborhood Grill and Bar Restaurant" in Puerto Rico.

During the summer of 1995, ADA contracted with Casual Dining Restaurant Management of Puerto Rico, Inc. (hereinafter referred to as Casual Dining), a non party in this action, to operate two Applebee's franchises, one at Plaza Las Américas in Hato Rey and another at Plaza del Caribe in Ponce. Casual Dining operated both franchises from the time of opening up to February 13, 1996.

During this period, Casual Dining entered into a contract with Plaintiff—Matosantos Commercial Corp., a corporation in the business of purchasing products for resale to restaurant chains—for the purchase of products necessary to operate the Applebee's franchises.[2] These products had to meet the specifications and requirements established by AII for the operation of its franchises.

Business floundered, however. So, in an effort to preserve the good will of Applebee's and to take the necessary steps towards the closing of the operations, Gourmet Systems of Georgia (hereinafter referred to as Gourmet), a subsidiary of Defendant AII, took over the management of said restaurants

---

**2.** The contract was signed on April 13, 1995.

from February 13 up to March 8, 1996, pursuant to a management agreement signed between defendant AII and ADA. Said agreement specified that AII did not assume title to and interest in any previous contractual obligations of Casual Dining necessary for the previous operation of the franchises. Rather, AII would assume the management of the restaurant only for the remaining time of the management agreement executed with ADA. Further, AII would only be responsible for the payment of any charges due under contracts for services rendered and supplies or equipment used after February 13, 1996.[3]

Before entering into said management agreement, AII had several contacts with Puerto Rico. First, Defendant's agents were involved in the training of ADA's and its subsidiaries and/or affiliates who were to operate the franchised restaurants at Puerto Rico. Second, Defendant consulted with ADA, as well as their suppliers and service providers, to make certain that Defendant's trademark was properly represented and that AII's system restaurant operations were properly implemented.

On February 14, 1996, Mr. Gilbert S. Simon, Defendant's executive director of international franchising, sent Plaintiff a letter indicating that, as of 8:00 a.m., February 14, 1996, Defendant had begun with the management of both franchises. The letter also indicated that the former operator, Casual Dining, was responsible for payment of goods and services provided to the franchises prior to this date.

On February 15, 1996, Mr. Simon, sent a subsequent letter to Plaintiff, further stating that neither Defendant nor any subsequent Applebee's franchise in Puerto Rico would assume the responsibility for the payment of goods and services provided by Plaintiff to Casual Dining prior to February 14, 1996. Mr. Simon stated that only Casual Dining would be liable for such payments.

On February 29, 1996, Gourmet requested a license to do business in Puerto Rico, which the Department of State of Puerto Rico granted. Gourmet operated the two restaurants from February 14, 1996 until March 8, 1996 and ended the management agreement on March 14, 1996. ADA closed the restaurants that same day. On July 12, 1996, Plaintiff filed the instant action, seeking to collect from AII for the services and goods rendered prior to February 13, 1996.

### III. Lack of In Personam Jurisdiction

On November 12, 1997, the Magistrate Judge recommended that the Motion to Dismiss for Lack of *In Personam* Jurisdiction be granted. Said recommendation was based on the fact that Plaintiff failed to comply with either the long-arm statute or the due process requirements needed to sustain the courts exercise of personal jurisdiction over AII. This analysis requires Plaintiff to make a *prima facie* showing that the court has *in personam* jurisdiction over the non resident. The Magistrate Judge further found that Plaintiff failed in submitting documentary evidence and sufficient facts to establish a *prima facie* showing of Applebee's contacts with Puerto Rico [4] and the relation of said contacts with the instant case.

In it's objection, Plaintiff alleges that the Magistrate Judge erred in finding that personal jurisdiction over Defendant was lacking. In said submittal, Plaintiff accepted bearing the burden of proof to show that Defendant had with the required contacts with the local forum, in order to be subject to suit in Puerto Rico. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189, 56

---

3. The pertinent contractual disposition stated:
 4. Contracts. From and after the Closing Date, Manager shall not assume or take an assignment of Owner's rights and obligations needed in and for the operation of the Restaurant. Rather, Manager shall continue to operate the Restaurants subject to such contracts, leases and the like for the duration of the management term. All such contracts, commitments and leases shall be paid (or the responsibility for payment shall be) by Owner prior to the Closing Date. During the term of this Agreement, Manager or its subsidiary or assignee shall be responsible for the payment of any charges due under said contracts for services rendered or supplies or equipment used during the term hereof.

4. Contrary to the Magistrate Judge, the court concludes that Defendant has contacts with the jurisdiction. However, the cause of action is not related to Defendant's activities within the forum.

S.Ct. 780, 80 L.Ed. 1135 (1936); *Rodríguez v. Fullerton Tires Corp.*, 115 F.3d 81, 83 (1st Cir.1997); *Cruz v. Ortho Pharmaceutical Corp.*, 619 F.2d 902 (1st. Cir.1980) However, Plaintiff disagreed with the Magistrate Judge's finding that Plaintiff did not make a *prima facie* compliance with the burden. Moreover, Plaintiff indicated that the allegations in the complaint were sufficient to sustain the jurisdiction of the court. Finally, Plaintiff requested, after the rendering of the Magistrate Judge's decision, that discovery be authorized.

 In cases when diversity jurisdiction is invoked, it is well established that "the district court's personal jurisdiction over a nonresident defendant is governed by the forum's long-arm statute." *Sawtelle v. Farrell*, 70 F.3d 1381 (1st Cir.1995); *Goldman, Antonetti, Ferraiuoli, Axtmayer & Hertell v. Medfit Int'l, Inc.*, 982 F.2d 686, 690 (1st Cir.1993) (quoting *Pizarro v. Hoteles Concorde Int'l, C.A.*, 907 F.2d 1256, 1258 (1st Cir.1990)). *Fash Obalco, Inc. v. M.K.M. Indus., Inc.*, 888 F.Supp. 344, 346 (D.P.R.1995). The federal court exercising diversity jurisdiction must find sufficient contacts between the defendant and the forum in order to satisfy the state's long-arm statute and to comply with the Fourteenth Amendment's due process clause. *Sawtelle*, 70 F.3d at 1387; *Ticketmaster–New York, Inc. v. Alioto*, 26 F.3d 201, 204 (1st Cir.1994).

In applying Puerto Rico's long-arm statute, the Supreme Court of Puerto Rico has adopted a three-prong test: (1) The non resident must commit or consummate an act within the forum even though the defendant does not have to be personally present in the forum; (2) the cause of action must arise out of the defendant's activities within the forum state; (3) the activity linking the defendant, the forum and the cause of action must be substantial enough to meet the due process requirements of "fair play and substantial justice." *Ortho Pharmaceutical*, 619 F.2d at 902; *Industrial Siderúrgica v. Thyssen Steel Caribbean, Inc.* 114 D.P.R. 548, 1983 WL 204174 (1983); *A.H. Thomas Co. v. Superior Court*, 98 P.R.R. 864 (1970).

 The plaintiff has the burden of proof to establish that the forum court has jurisdiction over the defendant when jurisdiction is challenged. *Fullerton Tires*, 115 F.3d at 83; *Sawtelle*, 70 F.3d at 1387; *Foster–Miller, Inc. v. Babcock & Wilcox Canada*, 46 F.3d 138, 145 (1st Cir.1995); *Dalmau v. Hughes Aircraft Co.*, 781 F.2d 9, 10 (1st Cir.1986); *Boit v. Gar–Tec*, 967 F.2d 671 (1st Cir.1992). In cases where the court does not hold an evidentiary hearing and the plaintiff proffers that the court has *in personam* jurisdiction over a non resident defendant, the plaintiff must make a *prima facie* showing that the court has jurisdiction with sufficient evidence regarding the specific facts. The court must consider only "whether the plaintiff has proffered evidence that, if credited, is enough to support findings of all facts essential to personal jurisdiction." *Gar–Tec*, 967 F.2d at 675; *Fullerton Tires*, 115 F.3d at 83; *Kowalski v. Doherty, Wallace, Pillsbury & Murphy*, 787 F.2d 7 (1st Cir.1986); *Rivera v. Bank One*, 145 F.R.D. 614, 616 (D.P.R.1993). In complying with a *prima facie* showing, Plaintiff must produce evidence of specific facts to defeat a motion to dismiss. *Kowalski*, 787 F.2d at 9. In making a *prima facie* showing of personal jurisdiction, the plaintiff must further demonstrate the existence of "every fact required to satisfy both the forum's long-arm statute and the due process clause of the Constitution." *United Elec. Radio & Mach. Workers of Am. v. 163 Pleasant St. Corp.*, 987 F.2d 39, 44 (1st Cir.1993); *U.S.S. Yachts, Inc. v. Ocean Yachts, Inc.*, 894 F.2d 9, 11 (1st Cir.1990).

In no part of the objection has Plaintiff contested the facts as found by the Magistrate Judge in the instant case or given additional evidence of the existence of personal jurisdiction over Defendant. Plaintiff has concentrated on the allegations made in the complaint, but has not provided the court with any evidence that would contravene the Magistrate Judge's factual findings.

 Plaintiff alleges that, in addition to its obligation to pay for materials served from February 14 to March 8, 1996, Defendant also assumed liability for the agreement executed by Plaintiff and Casual Dining. Even though Defendant clearly stated the contrary through letters sent to Plaintiff, as

well as by the contract signed between AII and ADA, Plaintiff alleges that Defendant assumed this obligations through "verbal representations." However, neither the complaint nor the opposition to the Magistrate Judge's determination provides the court with any evidence that may sustain such allegation.[5] Plaintiff's allegations of "verbal representations" are insufficient because, when "allegations of jurisdictional facts are challenged by [an] adversary in any appropriate manner, [the plaintiff] must support them with competent proof." *McNutt v. General Motors Acceptance Corporation,* 298 U.S. 178, 189, 56 S.Ct. 780, 80 L.Ed. 1135 (1936).

■ The Court emphasizes that the specific entity that took over operations after February 13, 1996 was Gourmet, a wholly owned subsidiary of AII. However, "the mere fact that a subsidiary company does business within the state does not confer jurisdiction over its non resident part, even if the parent is the sole owner." *Ortho Pharmaceutical,* 619 F.2d at 905. The Magistrate Judge properly disposed of this matter stating that, "since plaintiff has not alleged that Gourmet Systems was directly or indirectly controlled by Applebee's International, the mere fact that Gourmet is a subsidiary of defendant has no jurisdictional consequence for Applebee's International."

The court finds, therefore, that Plaintiffs did not satisfy the second prong of the long-arm statute. Hence the Court need not discuss the remaining prongs. *See Ortho Pharmaceutical Corp.,* 619 F.2d at 904; *Industrial Siderúrgica,* 114 D.P.R. at 563, 1983 WL 204174; *A.H. Thomas Co.* 98 P.R.R. 864, 870

(1970). Our conclusion is inescapable, the court lacks specific jurisdiction. Yet, since the court also finds that Defendant had some contacts with the forum, the court proceeds to consider the general jurisdiction requirements.

## IV. General Jurisdiction

■ A court has general jurisdiction when the litigation is not directly founded on the defendant's forum-based contact, but the defendant nevertheless engaged in continuous and systematic activity. The Court of Appeals for the First Circuit stated:

> General jurisdiction exists when the litigation is not directly founded on the defendant's forum-based contacts, but the defendant has nevertheless engaged in continuous and systematic activity, unrelated to the suit, in the forum state. *See Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 414–16 & n. 9, 104 S.Ct. 1868, 1872–73 & n. 9, 80 L.Ed.2d 404 (1984).

*163 Pleasant St. Corp.,* 960 F.2d at 1088.

■ The key for determining general jurisdiction is finding that defendant has continuous and systematic general business contacts in the forum. *Helicopteros Nacionales,* 466 U.S. at 416 AII's contacts are insufficient to ground a claim of general jurisdiction in the instant case. Defendant's sole connections with the jurisdiction are the providing of the initial training of ADA's employees involved in the operations in Puerto Rico and the initial consultation made to ADA in order to assure that the trademark and the goodwill of Applebee's were properly represented. Plaintiff has not shown, however, that said

---

5. Even if there were sufficient evidence to provide *in personam* jurisdiction over Defendant, the court must dismiss the case using the summary judgement standard under Federal Rule Civ. P. 56(c). *Coyne v. Taber Partners,* 53 F.3d 454, 457 (1st Cir.1995). The court may convert the motion to dismiss under Federal R. Civ. P. 12(b) into a motion under Rule 56. The conversion is functional rather than mechanical. *Vega–Rodríguez v. Puerto Rico Telephone Co.,* 110 F.3d 174, 177 (1st Cir.1997); *Garita Hotel Ltd. Partnership v. Ponce Fed. Bank,* 958 F.2d 15, 18–19 (1st Cir. 1992). In the present case, both parties attached statements, letters and contracts to the pleadings. Plaintiff was thus rendered on notice that the court had the option of treating the motion as one for summary judgement. *Fullerton Tires,* 115 F.3d at 83. The record in the case has letters and contracts clearly establishing non liability by Defendant AII for materials purchased prior to February 14, 1996. Plaintiff relies purely on an allegation of "verbal representations" by Defendant purportedly assuming liability. Plaintiff, however, failed to provide any evidence to substantiate its allegation. Hence, there is no triable issue because the record in the case is not "sufficiently open-ended to permit a rational fact finder to resolve the liability issue." *National Amusements, Inc. v. Town Of Dedham,* 43 F.3d 731, 735 (1st Cir.1995), *cert. denied,* 515 U.S. 1103, 115 S.Ct. 2247, 132 L.Ed.2d 255 (1995).

dealings in the jurisdiction constitute continuous or systematic general business contacts. *See Helicopteros Nacionales,* 466 U.S. at 414–16 & n. 9 (holding that sending personnel to the forum state for training was one of the factors found insufficient for a finding of continuous or systematic activity).

As to the request for discovery filed by Plaintiff after the Magistrate Judge issued the Report and Recommendation the same is hereby denied. The request does not address the core matter of the "verbal representations" by AII inducing Plaintiff to provide initial services to Casual Dining nor providing later continued services to Gourmet conditioned on payment of the Casual Dining debt. Further, the discovery will not produce evidence to show that Plaintiff's cause of action is related to the activities of the Defendant within the forum state nor is the discovery geared to show that the Defendant's activities with the forum were continuous and systematic general business contacts. Plaintiff's request is generally to show the economic benefits derived by AII from the operation of Applebee's franchises in Puerto Rico.[6] Under the related above circumstances the belated discovery request does not move our discretion. *Gar–Tec,* 967 F.2d at 681

### V. Conclusion

After a conscious examination of the Magistrate Judge's Report and Recommendation, as well as of the arguments filed by Plaintiff, the court approves and adopts said recommendation, dismissing the instant action. Plaintiff failed to satisfy the three prong test of Puerto Rico's long-arm statute set forth in *A.H. Thomas Co. v. Superior Court,* 98 P.R.R. 864 (1970) and, further, the general jurisdiction criteria is not met because Defendant's contacts within the forum state are not continuous or systematic as required under *Helicopteros Nacionales,* 466 U.S. at 414–16 & n. 9.

IT IS SO ORDERED.

---

6. Plaintiff did request discovery as to AII's supervision, but this discovery is too little too late. The supervision envisioned is not proffered related to the debt of Casual Dining nor as supervision being performed in Puerto Rico to comply with the continuous and systematic general business contacts required under general jurisdiction.