Carmen **SANTINI RIVERA**, individually and on behalf of the minor, Carina Dimas Santini

v.

**SANTON and/or Tankless Hot Water Systems, Inc. and/or ABC Corporation and XYZ Insurance Company**

No. CIV. 99–2415(DRD).

United States District Court, D. Puerto Rico.

Oct. 31, 2000.

---

Harry Anduze–Montano, San Juan, PR, for plaintiff.

Norah E. Fernandez–Vallejo, Cruz–Soto, Ferran & Fernandez–Vallejo Law Office, San Juan, PR, Ricardo Pascual–Villaronga, Mercado & Soto, San Juan, PR, for defendant.

## OPINION AND ORDER

DOMINGUEZ, District Judge.

On December 28, 1999 plaintiffs filed a Complaint for the recovery of damages suffered as the result of a fire allegedly caused by a defective and/or malfunctioning water heater installed in their apartment. (Docket No. 1). On April 28, 2000, plaintiffs filed a First Amended Complaint to join co-defendant IMI Santon as a party to the suit. (Docket No. 8). Defendant Tankless Hot Water Systems, Inc., has filed a motion to dismiss plaintiffs' Complaint on several grounds. (Docket No. 10). In essence, defendant moves for dismissal of plaintiffs' causes of action for lack of in personam jurisdiction, P.R. LAWS ANN. T.32, App. III, Rule 4.7(a), and for failure to state a claim upon which relief can be granted, Fed.R.Civ.P. 12(b)(6).

On June 9, 2000, the Court granted plaintiffs ten (10) days to reply to the Motion to Dismiss. To this day, plaintiff has not opposed nor replied to said Motion. Having considered all the facts and

allegations in the record, the Court now resolves the pending Motion.

## I. STANDARDS

### A. Standard for Motion to Dismiss

Rules 12(b)(6) and 12(b)(1) of the Federal Rules of Civil Procedure provide that a defendant may, in response to an initial pleading, file a motion to dismiss the complaint for lack of jurisdiction or for failure to state a claim upon which relief can be granted, respectively. It is well-settled, however, that a complaint should not be dismissed unless it appears beyond any doubt that the plaintiff can prove no set of facts which would support a claim entitling him or her to relief. *Ronald C. Brown v. Hot, Sexy, and Safer Productions, Inc.*, 68 F.3d 525 (1st Cir.1995); *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); *see also Miranda v. Ponce Federal Bank*, 948 F.2d 41, 44 (1st Cir.1991). The Court must accept as true the well pleaded factual averments contained in the complaint, while at the same time drawing all reasonable inferences from the allegations in favor of the plaintiff. *See McDonald v. Santa Fe Trail Transp. Co.*, 427 U.S. 273, 276, 96 S.Ct. 2574, 2577, 49 L.Ed.2d 493 (1976); *Correa–Martinez v. Arrillaga–Belendez*, 903 F.2d 49, 51 (1st Cir.1990); *Dartmouth Review v. Dartmouth College*, 889 F.2d 13, 16 (1st Cir.1989); *Vartanian v. Monsanto Co.*, 14 F.3d 697, 700 (1st Cir.1994). However, "[b]ecause only well pleaded facts are taken as true, we will not accept a complainant's unsupported conclusions or interpretations of law." *Washington Legal Foundation v. Massachusetts Bar Foundation*, 993 F.2d 962, 971 (1st Cir. 1993).

In opposing a Rule 12(b)(6) motion to dismiss, "a plaintiff cannot expect a trial court to do his homework for him." *McCoy v. Massachusetts Institute of Technology*, 950 F.2d 13, 22 (1st Cir.1991). Rather, the plaintiff has an affirmative responsibility to put his best foot forward in an effort to present a legal theory that will support his claim. *Id.* at 23 (citing *Correa–Martinez*, 903 F.2d at 52; *Dartmouth Review v. Dartmouth College*, 889 F.2d 13, 16 (1st Cir.1989); *Ryan v. Scoggin,* 245 F.2d 54, 57 (10th Cir.1957)). Plaintiff must set forth in his complaint "factual allegations, either direct or inferential, regarding each material element necessary to sustain recovery under some actionable theory." *Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 514 (1st Cir.1988).

Moreover, when the parties have added documents outside of the pleadings to a 12(b) motion, Rule 12(b) allows the Court to convert the motion to dismiss into a motion for summary judgment under Fed R. Civ. Proc. 56. *Garita Hotel, Ltd. v. Ponce Federal Bank*, 958 F.2d 15, 18–19 (1st Cir.1992). The approach employed in making this conversion is a "functional approach." If documents outside the pleadings are included and the Court uses those documents in making its determination, the Court will adjudicate the movant's motion following the standards for summary judgment. *C.B. Trucking, Inc. v. Waste Management, Inc.*, 137 F.3d 41, 43 (1st Cir.1998). However, when considering 12(b)(1) and (6) motions, "[t]he court, without conversion, may consider extrinsic materials and, to the extent it engages in jurisdictional factfinding, is free to test the truthfulness of the plaintiff's allegations." *Dynamic Image Technologies, Inc. v. United States of America*, 221 F.3d 34, 37 (2000).

### B. Statutory and Constitutional Authority to Exert Personal Jurisdiction

When a challenge to personal jurisdiction is made, the burden of proof to establish that the forum has jurisdiction over defendant is on the Plaintiff. *See Escude Cruz v. Ortho Pharm. Corp.*, 619 F.2d 902, 903 (1st Cir.1980); *Rodriguez v. Fullerton Tires Corp.*, 115 F.3d 81, 83 (1st Cir.1997); *Foster–Miller, Inc. v. Babcock and Wilcox Canada*, 46 F.3d 138, 145 (1st

Cir.1995); *Dalmau v. Hughes Aircraft Co.,* 781 F.2d 9, 10 (1st Cir.1986); *Boit v. Gar-Tec,* 967 F.2d, 671 (1st Cir.1992). To meet this burden, plaintiff must make a prima facie showing that jurisdiction exists based on specific facts alleged in the pleadings, affidavits and exhibits. *See Ealing Corp. v. Harrods, Ltd.,* 790 F.2d 978, 979 (1st Cir.1986). "If a plaintiff makes a prima facie showing of jurisdiction supported by specific facts alleged in the pleading, affidavits and exhibits, its burden is met." *Id.* "Plaintiff's allegations of jurisdictional facts are construed in its favor." *United States v. Arkwright, Inc.,* 690 F.Supp. 1133 (D.N.H.1988).

■ In cases such as this one where diversity is the basis of jurisdiction, the power of a district court to assert personal jurisdiction over a nonresident defendant is governed by the forum state's long arm statute. *See Mangual v. General Battery Corp.,* 710 F.2d 15, 18 (1st Cir.1983); *Sawtelle v. Farrell,* 70 F.3d 1381 (1st Cir.1995); *Goldman, Antonetti, Ferraiuoli, Axtmayer & Hertell v. Medfit Int'l, Inc.,* 982 F.2d 686, 690 (1st Cir.1993) (quoting *Pizarro v. Hoteles Concorde Int'l, C.A.,* 907 F.2d 1256, 1258 (1st Cir.1990)); *Fash Obalco, Inc. v. M.K.M. Indus., Inc.,* 888 F.Supp. 344, 346 (D.P.R.1995); *Matosantos Commercial Co. v. Applebee's Int'l,* 2 F.Supp.2d 191 (D.P.R.1998); *Rafael Margarida & Co. v. Audi of America,* 721 F.Supp. 394 (D.P.R.1989). The Puerto Rico long-arm statute, Rule 4.7(a) of the Puerto Rico Rules of Civil Procedures, P.R. Laws Ann. T.32.App. III, Rule 4.7(a), allows Puerto Rico courts to assert personal jurisdiction over a non-resident defendant, if the action or claim arises because said person:

(a) [ . . . ]

(1) Transacted business in Puerto Rico personally or through an agent; or

(2) Participated in tortious acts within Puerto Rico personally or through his agent; or

(3) Was involved in an automobile accident while driving a motor vehicle in Puerto Rico while operating, personally or through his agent, a freight or passenger transportation business in Puerto Rico, between Puerto Rico and the United States or between Puerto Rico and a foreign country, or if, in the operation of said business, an accident occurs outside Puerto Rico and the contract had been extended in Puerto Rico; or

(5) Owns, uses or possesses, personally or through his agent, real property in Puerto Rico.

P.R. Laws Ann. T.32.App. III, Rule 4.7(a).

■ The Supreme Court of Puerto Rico developed a three prong test for determining when the Commonwealth's long arm statute allows the assertion of jurisdiction. *See A.H. Thomas Co. v. Superior Court,* 98 P.R.R. 864 (1970).

"One, there must be an act done or consummated within the forum by the nonresident defendant. Physical presence is not necessary; the act or transaction may be by mail. Two, the cause of action must arise out of the defendant's action within the forum state. Three, the activity linking defendant, forum and cause of action must be substantial enough to meet the due process requirement of 'fair play and substantial justice'."

*Ortho Pharm.,* 619 F.2d 902, 904 (1980) (citing *A.H. Thomas,* 98 P.R.R. at 870); *See Industrial Siderurgica v. Thyssen Steel Caribbean, Inc.* 114 D.P.R. 548 (1983). "Puerto Rico's 'long arm' rule permits the exercise of jurisdiction to the full extent of constitutional authority." *Vencedor Mfg. Co. v. Gougler Ind., Inc.,* 557 F.2d 886, 889 (1st Cir.1977).

■ The Due Process Clause of the Fourteenth Amendment operates to limit the power of a forum to assert *in personam* jurisdiction over a nonresident defendant. *See Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 414, 104 S.Ct. 1868, 1871, 80 L.Ed.2d 404 (1984). Thus, if authorized by the forum's long arm statute, "such exercise of personal

jurisdiction must be found to be consistent with the due process requirement of the United States Constitution." *Davila–Fermin v. Southeast Bank,* N.A., 738 F.Supp. 45, 47 (D.P.R.1990); *Matosantos,* 2 F.Supp.2d at 195 ("The federal court exercising diversity jurisdiction must find sufficient contacts between defendant and the forum in order to satisfy the state's long arm statute and to comply with the Fourteenth Amendment's due process clause.").

■ Pursuant to Rule 4.7(a)(1), personal jurisdiction can be exerted over a nonresident defendant when such person "[t]ransacted business" in Puerto Rico. *See A.H. Thomas,* 98 P.R.R. at 870. The term "business" is a general one which includes both commercial transactions as well as transactions of another nature. *See Medina v. Tribunal Superior,* 104 D.P.R. 346, 355 (1975). The phrase "transacted business" in this context "is a practical not a technical or commercial one." *Industrial Siderurgica, Inc.,* 114 D.P.R. at 557 (translation ours); *Medina,* 104 D.P.R. 346.

■ In addition to the forum's long arm statue, the Due Process Clause of the Fourteenth Amendment defines the limits of the state's power to assert personal jurisdiction. *See Helicopteros Nacionales,* 466 U.S. at 413–414, 104 S.Ct. 1868. As with the third prong of the *A.H. Thomas* three part test, due process is satisfied when personal jurisdiction is asserted over a nonresident defendant that has "certain minimum contacts" with the forum such that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice." *Helicopteros Nacionales,* 466 U.S. at 413–414, 104 S.Ct. 1868; *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945). In conducting such an inquiry, "[a]ll the facts must be evaluated to determine whether the defendant purposefully established minimum contacts within the forum." *Young v. Pannell Fitzpatrick & Co.,* 641 F.Supp. 581, 585 (D.P.R.1986) (citing *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 105 S.Ct. 2174, 2185–86, 85 L.Ed.2d 528 (1985)). For such "minimum contacts" to be sufficient for the exertion of personal jurisdiction, they must be the result of a purposeful act by defendant. As the Supreme Court made clear

> "The unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum State. The application of that rule will vary with the quality and nature of the defendant's activity, but it is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws."

*Hanson v. Denckla,* 357 U.S. 235, 253, 78 S.Ct. 1228, 1239, 2 L.Ed.2d 1283 (1958) (citing *International Shoe,* 326 U.S. at 319, 66 S.Ct. 154.). "[R]andom, isolated, or fortuitous" contacts with the forum will not suffice. *Keeton v. Hustler Magazine, Inc.,* 465 U.S. 770, 774, 104 S.Ct. 1473, 1478, 79 L.Ed.2d 790 (1984). "Whether defendant's contact with the forum is described as an 'affirmative act' or 'purposeful availment,' the inherent foreseeability of consequences is one of the keystones of personal jurisdiction." *Ortho Pharm.,* 619 F.2d at 904. Foreseeability, in turn, requires that a defendant's contacts in the forum be such that "he should reasonably anticipate being haled into court there." *World–Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1980).

## II. RELEVANT FACTS

The facts alleged in the Complaint, taken as truthful and making all inferences in favor of plaintiffs, reveal, *ad verbatim,* that:

4.1 On 1998, Carmen Santini Rivera bought a water heater, Model HP–924, distributed by Marey Heater Corporation, which is incorporated locally.

4.2 The water heater was installed in the closet hall of the Condado apartment by an expert electrician, following specifications by the manufacturer.

4.3 In the late afternoon of December 30th, 1999, a raging fire originated in an apartment closet where the water heater had been installed, and spread quickly all through the plaintiffs' residence, destroying it completely.

4.4 To protect their lives and physical integrity, emergency rescue workers instructed plaintiffs to abandon the apartment, leaving all their possession behind. Nothing could be saved from the structure of the apartment, or from plaintiffs' personal belongings. (Dockets No. 1 & 8).

4.5 The defects and/or malfunctioning of the water heater purchased by Carmen Santini Rivera were the direct cause of the losses suffered by the plaintiffs. Even worse, defects and/or malfunctioning of the water heater directly endangered plaintiff's lives and physical well being.

(Docket No. 1).

Under the above factual scenario, in December 28, 1999, plaintiffs filed the instant Complaint. (Docket No. 1), subsequently amended (Docket No. 8). In the First Amended Complaint (Docket No. 8), plaintiffs aver two (2) causes of action seeking compensation for losses an damages suffered by plaintiffs' personal belongings arising out of the fire caused by the allegedly malfunctioning water heater, and compensation for mental anguish suffered by plaintiffs due to the above-referenced incident.

## III. DISCUSSION

■ Plaintiffs' Complaint and ancillary statements are completely devoid of any indication that co-defendant Tankless was involved in the incidents upon which this action is based. The evidence on the record shows that Tankless is the USA's factory representative of IMI Santon. IMI Santon is the manufacturer of the allegedly malfunctioning water heater. Co-defendant Tankless does not manufacture the model alleged in the complaint nor does it manufacture water heaters or any other equipment.[1] The distributor of IMI Santon's water heater tanks in Puerto Rico is Marey Heater Corporation.[2] There is no business relationship between Marey and Tankless.[3]

Co-defendant Tankless has never sold a water heater to plaintiffs nor to Marey Water Heater Corporation of Puerto Rico.[4] Co-defendant Tankless has never applied for or obtained authorization to conduct business in Puerto Rico.[5] Tankless has never owned, leased, used or possessed, personally or through an agent, real property in the Commonwealth of Puerto Rico

---

1. Plaintiffs' prayer for relief states that "Defendants to this suit are jointly liable to plaintiff for all damages caused by their negligent acts and/or omissions during the *as manufacturers* of the Model HP–294 water heater." See Prayer for Relief at page 4 of the Complaint and First Amended Complaint. (Docket Nos. 1 & 8).

2. Plaintiffs stated in the amended complaint that the water heater that allegedly caused the fire is "distributed [in Puerto Rico] by Marey Heater Corporation, which is incorporated locally." See paragraph 4.1 of the Complaint and First Amended Complaint. (Docket Nos. 1 & 8).

3. See Exhibit I attached to the Motion to Dismiss (Docket No. 10) sworn statement subscribed by Mr. Robert L. Smallwood, III, President of Tankless and paragraph 4.1 of the Complaint and First Amended Complaint. (Docket Nos. 1 & 8).

4. See the Sworn Statement signed by Mr. Robert L. Smallwood, III, President of Tankless, Exhibit I attached to Motion to Dismiss. (Docket No. 10).

5. As a matter of fact, Tankless is not registered in the Registry Corporations of the Department of State of Puerto Rico. See Exhibit I, sworn statement subscribed by the President of Tankless and Exhibit II, Certificate issued by the Department of State of Puerto Rico, attached to the Motion to Dismiss (Docket No. 10).

nor does it have an agent or office in Puerto Rico.[6] Except for the caption of the complaint and list of parties to the suit, co-defendant Tankless is nowhere claimed to have caused plaintiff injury nor is affirmatively associated with any of the facts complained of.

## CONCLUSION

For the reasons stated in this Opinion, the Court hereby **GRANTS** co-defendant Tankless' motion and **DISMISSES** the Complaint **WITHOUT PREJUDICE** and First Amended Complaint against Tankless.[7]

IT IS SO ORDERED.

---

6. See Exhibit I attached to the Motion to Dismiss (Docket No. 10), Sworn Statement from Mr. Smallwood, III.

7. The Court will refrain from issuing a partial judgment at this time. The First Circuit strongly disfavors partial judgments as they foster piecemeal appeals. *See Nichols v. Cadle Co.*, 101 F.3d 1448, 1449 (1st Cir.1996) ("piecemeal appellate review invites mischief. Because the practice poses a host of potential problems we have warned, time and again, that Rule 54(b) should be used sparingly."); *Zayas–Green v. Casaine*, 906 F.2d 18, 21 (1st Cir.1990) ("This final judgment rule ... fur-thers the 'strong congressional policy against piecemeal review.' " *Id.* (quoting *In re Continental Investment Corp.*, 637 F.2d 1, 3 (1st Cir.1980)); *Comite Pro Rescate De La Salud v. Puerto Rico Aqueduct and Sewer Authority*, 888 F.2d 180, 183 (1st Cir.1989); *Consolidated Rail Corp. v. Fore River Ry. Co.*, 861 F.2d 322, 325 (1st Cir.1988); *Spiegel v. Trustees of Tufts Coll.*, 843 F.2d 38, 43 (1st Cir.1988); *Santa Maria v. Owens–Ill., Inc.*, 808 F.2d 848, 854 (1st Cir.1986)); *see also United States v. Nixon*, 418 U.S. 683, 690, 94 S.Ct. 3090, 3099, 41 L.Ed.2d 1039 (1974).