Juan A. SANTIAGO–GONZALEZ, Plaintiff,

v.

MOTION POWERBOATS, INC., et al., Defendants.

No. CIV.02–2781(JAF).

United States District Court, D. Puerto Rico.

Sept. 9, 2004.

Jane Becker Whitaker, Esq., Law Offices of Jane Becker Whitaker, PSC, San Juan, PR, for Plaintiff or Petitioner.

Alberto G. Estrella, Esq., William Estrella Law Offices, San Juan, Cesar R. Sordo, Esq., Sordo & Associates, P.A., Coconut Grove, FL, for Defendant or Respondent.

## OPINION AND ORDER

FUSTE, Chief Judge.

Plaintiff, Juan A. Santiago-González, brings this action against Defendants Motion Powerboats, Inc. ("Defendant Motion Powerboats"); Edwin Scheer ("Defendant E. Scheer"), his spouse, and the conjugal partnership composed between them; Larry Goldman ("Defendant Goldman"), his spouse, and the conjugal partnership composed between them; Dia Restaurant Group, Inc. ("Defendant Restaurant"); Jennifer Scheer ("Defendant J. Scheer"), her spouse, and the conjugal partnership composed between them; and Motion Marine, Inc. ("Defendant Motion Marine"), alleging violations of 31 L.P.R.A. § 3391– 3525 (1991 & Supp.2000). *Docket Document Nos. 1, 18, 26.*

Defendant Restaurant moves to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(b)(7). *Docket Document No. 16.* Plaintiff opposes the motion. *Docket Document No. 19.* Upon review of the pleadings and applicable case law, the court grants Defendant's motion.

### I.

### *Factual and Procedural Synopsis*

Unless otherwise indicated, we derive the following factual summary from the complaint and amended complaints. *Docket Document Nos. 1, 18, 26.* As we must, we "assume all plaintiffs' allegations are true and make all reasonable inferences in favor of the plaintiffs." *Alternative Energy, Inc. v. St. Paul Fire and Marine Ins., Co.,* 267 F.3d 30, 36 (1st Cir.2001).

Plaintiff is a United States citizen residing in San Juan, Puerto Rico.

Defendant Restaurant is a corporation, allegedly created by Defendant E. Scheer "with the express purpose of shielding his assets from this lawsuit and other civil liability." *Docket Document No. 26.* Defendants E. Scheer and Goldman are residents of Miami, Florida. *Id.* Defendant J. Scheer is Defendant E. Scheer's sister, and an alleged alter ego for him. *Id.*

In March 2002, Plaintiff started negotiations with Defendant E. Scheer to purchase a boat. Defendant E. Scheer allegedly persuaded Plaintiff to purchase two boats, and informed Plaintiff that he could rescind one of the two contracts if he later decided to buy only one boat. Thereafter, Defendant E. Scheer sent two signed sales contracts from Miami, Florida, to Puerto Rico for the purchase of one 40 foot boat and one 35 foot boat. Plaintiff entered into both sales contracts with Defendant E. Scheer.

On May 28, 2002, Plaintiff paid Defendant E. Scheer, inter alia, $50,000 down for the 40–foot boat, and $29,000 for the 35–foot boat.

On July 11, 2002, Plaintiff told Defendant E. Scheer that he was only interested in purchasing the 35–foot boat, and requested that all future payments be credited to the 35–foot boat account. During that conversation, Plaintiff and Defendant E. Scheer confirmed that Plaintiff would travel to Miami during the week of July 22, 2002, to inspect the boat.

Plaintiff traveled to Miami, but Defendant Scheer failed to appear for either of the two appointments he had made with Plaintiff. Upon his return to Puerto Rico, Plaintiff attempted to communicate with Defendant Scheer, but he could not reach him.

Defendant E. Scheer never delivered possession of the 35–foot boat to Plaintiff. Plaintiff confronted Defendant E. Scheer regarding the rescission, but Defendant E. Scheer denied having made such an agreement.

Defendant E. Scheer allegedly created Defendant Restaurant, a successor corporation, with the money Plaintiff paid for the boats.

Plaintiff filed the present complaint on December 6, 2002, alleging breach of contract violations pursuant to 31 L.P.R.A. § 3391–3525. *Docket Document No. 1.* Plaintiff filed a first amended complaint on June 30, 2003, *Docket Document No. 9,* and a second amended complaint on October 24, 2003, *Docket Document No. 18.* On August 20, 2004, Plaintiff filed a third amended complaint. *Docket Document No. 26.* Plaintiff seeks, inter alia, compensatory damages, costs, and attorney's fees. *Id.*

On October 10, 2003, Defendant Restaurant moved to dismiss for failure to state a claim upon which relief can be granted and for lack of personal jurisdiction. *Docket Document No. 16.* Plaintiff filed an opposition on November 17, 2003. *Docket Document No. 19.*

## II.

### *Standards*

#### A. *Motion to Dismiss Under Rule 12(b)(2)*

 Under Rule 12(b)(2), a defendant may move to dismiss an action against him for lack of personal jurisdiction. *See* FED. R. CIV. P. 12(b)(2). Since federal courts are courts of limited jurisdiction, the party asserting jurisdiction has the burden of demonstrating the existence of it. *See Skwira v. United States,* 344 F.3d 64, 71 (1st Cir.2003) (citing *Murphy v. United States,* 45 F.3d 520, 522 (1st Cir. 1995)). In assessing a motion to dismiss for lack of personal jurisdiction, the plaintiff is required to make only a prima-facie showing that each defendant is amenable to personal jurisdiction in the forum state. *A.I. Trade Fin., Inc. v. Petra Bank,* 989 F.2d 76, 79 (2d Cir.1993). Such a showing requires more than mere reference to unsupported allegations in the plaintiff's pleadings. *Boit v. Gar–Tec Prods., Inc.,* 967 F.2d 671, 675 (1st Cir.1992); *see also New Life Brokerage Servs., Inc. v. Cal-Surance Assocs., Inc.,* 222 F.Supp.2d 94, 97 (D.Me.2002) ("[T]he plaintiff must make a prima facie showing of jurisdiction, rather than the preponderance of evidence standard, by 'citing to specific evidence in the record that, if credited, is enough to support findings of all facts essential to personal jurisdiction.'" (citing *Snell v. Bob Fisher Enter., Inc.,* 115 F.Supp.2d 17, 20 (D.Me.2000)). As in a motion to dismiss for failure to state a claim, the court must construe all allegations in the light most favorable to the plaintiff and doubts must

be resolved in his favor, "notwithstanding a controverting presentation by the defendants." *A.I. Trade Finance,* 989 F.2d at 79–80; *Itoba Ltd. v. LEP Group PLC,* 930 F.Supp. 36, 40 (D.Conn.1996). However, unsupported allegations in the pleadings need not be credited. *Boit,* 967 F.2d at 675 (1st Cir.1992).

## B. *Motion to Dismiss Under Rule 12(b)(6)*

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss an action against him based solely on the pleadings for the plaintiff's "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). In assessing a motion to dismiss, "we accept as true the factual averments of the complaint and draw all reasonable inferences therefrom in the plaintiffs' favor." *Educadores Puertorriqueños en Acción v. Hernández,* 367 F.3d 61, 62 (1st Cir.2004) (citing *LaChapelle v. Berkshire Life Ins. Co.,* 142 F.3d 507, 508 (1st Cir.1998)); *see also Wash. Legal Found. v. Mass. Bar Found.,* 993 F.2d 962, 971 (1st Cir.1993). We then determine whether the plaintiff has stated a claim under which relief can be granted.

We note that a plaintiff must only satisfy the simple pleading requirements of Federal Rule of Civil Procedure 8(a) in order to survive a motion to dismiss. *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002); *Morales–Villalobos v. Garcia–Llorens,* 316 F.3d 51, 52–53 (1st Cir.2003); *DM Research, Inc. v. College of Am. Pathologists,* 170 F.3d 53, 55–56 (1st Cir.1999). A plaintiff need only set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," FED. R. CIV. P. 8(a)(2), and need only give the respondent fair notice of the nature of the claim and petitioner's basis for it. *Swierkiewicz,* 534 U.S. at 512–15, 122 S.Ct. 992. "Given

the Federal Rules' simplified standard for pleading, '[a] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" *Id.* at 514 (quoting *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984)).

### III.

### *Analysis*

Defendant Restaurant moves to dismiss Plaintiff's complaint because: (1) it makes no allegations against Defendant Restaurant; (2) we lack personal jurisdiction over Defendant Restaurant; and (3) venue is improper. *Docket Document No. 16.* Plaintiff simply argues that we should deny Defendant Restaurant's motion because Defendant Restaurant serves as a corporate veil for Defendant E. Scheer's alleged illegal activities. *Docket Document No. 19.* We first address Defendant Restaurant's personal jurisdiction argument.

### A. *Personal Jurisdiction*

A plaintiff has the burden of proving that the court has personal jurisdiction over the defendant. *Daynard v. Ness. Motley, Loadholt, Richardson & Poole, P.A.,* 290 F.3d 42, 50 (1st Cir.2002). When the court does not hold an evidentiary hearing, "the plaintiff must make a prima facie showing that the court has jurisdiction with sufficient evidence regarding the specific facts." *Matosantos Commercial Co. v. Applebee's Intern., Inc.,* 2 F.Supp.2d 191, 195 (D.P.R.1998).

To make a prima-facie showing of personal jurisdiction, the plaintiff must prove the existence of every fact required to satisfy both the state's long-arm statute and the Fourteenth Amendment's Due–Process clause. *Id.* (quoting *United Elec.*

*Radio and Mach. Workers of Am. v. 163 Pleasant St. Corp.*, 987 F.2d 39, 44 (1st Cir.1993)). The plaintiff must go "beyond the pleadings and make affirmative proof." *U.S. v. Swiss Am. Bank, Ltd.*, 274 F.3d 610, 619 (1st Cir.2001) (citing *163 Pleasant St.*, 987 F.2d at 44). "However, in evaluating whether the prima facie standard has been satisfied, 'the district court is not acting as a factfinder; rather, it accepts properly supported proffers of evidence by a plaintiff as true and makes its ruling as a matter of law.'" *Swiss Am. Bank*, 274 F.3d at 619 (citing *163 Pleasant St.*, 987 F.2d at 44).

We turn to Puerto Rico's long-arm statute to determine whether we have jurisdiction over Defendant Restaurant. *See 163 Pleasant St.*, 960 F.2d at 1085–86.

Puerto Rico's long-arm statute provides in relevant part:

(a) Whenever the person to be serviced is not domiciled in Puerto Rico, the General Court of Justice shall take jurisdiction over said person if the action or claim arises because said person:

(1) Transacted business in Puerto Rico personally or through an agent;

(2) Participated in tortious acts within Puerto Rico personally or through his agent.

4 L.P.R.A., App. III, R. 4.7(a)(1). Because Puerto Rico's long-arm statute extends personal jurisdiction "to the full extent of constitutional authority," we may focus our inquiry on the federal constitutional analysis. *Andreyev v. Sealink, Inc.*, 143 F.Supp.2d 192, 196–97 (D.P.R.2001); *Sawtelle v. Farrell*, 70 F.3d 1381, 1389 (1st Cir.1995).

We may exercise personal jurisdiction in one of two forms: general or specific. *Mass. Sch. of Law at Andover v. Am. Bar Ass'n*, 142 F.3d 26, 34 (1st Cir.1998).

### 1. General Jurisdiction

■ General jurisdiction exists "when the litigation is not directly founded on the defendant's forum-based contacts, but the defendant has nevertheless engaged in continuous and systematic activity, unrelated to the suit, in the forum state." *Id.* (quoting *163 Pleasant St.*, 960 F.2d at 1088).

Defendant Restaurant argues only that Plaintiff has failed to allege any facts demonstrating Defendant Restaurant's required contacts with Puerto Rico to subject it to jurisdiction here. *Docket Document No. 16.* Plaintiff neither counters Defendant Restaurant's contention nor proffers any evidence proving that Defendant Restaurant has minimum contacts with Puerto Rico. *Docket Document No. 19.* Plaintiff, therefore, fails to meet its burden of showing that we have general jurisdiction over Defendant Restaurant.

### 2. Specific Jurisdiction

■ In the absence of general jurisdiction, we determine whether specific jurisdiction exists. *Mass. Sch. of Law*, 142 F.3d at 34. We may exercise specific jurisdiction when there is a "demonstrable nexus between a plaintiff's claims and a defendant's forum-based activities, such as when the litigation itself is founded directly on those activities." *Id.* Here, we consider whether Defendant Restaurant conducted activities in the forum such that it might "reasonably anticipate being haled into court" in Puerto Rico. *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980).

■ The First Circuit has established a three-part test to determine whether the exercise of specific personal jurisdiction does not violate the Due Process clause: (1) the claim underlying the litigation must

directly arise out of, or relate to, the defendant's forum-state activities; (2) the defendant must purposefully avail himself of the privilege of conducting activities in the forum state, thereby invoking the state law's benefits and protections and making the defendant's involuntary presence before the state's court foreseeable; and (3) the exercise of jurisdiction must, in light of the gestalt factors, be reasonable. *Pritzker v. Yari*, 42 F.3d 53, 60–61 (1st Cir. 1994). This analysis for minimum contacts is "highly idiosyncratic" and must be made on a case-by-case basis. *Id.* at 60.

### a. *Relatedness*

■ The relatedness prong in a breach-of-contract claim, such as the one here, is met where defendant's forum-based activities are "instrumental either in the formation of the contract or in its breach." *Phillips Exeter Acad. v. Howard Phillips Fund*, 196 F.3d 284, 289 (1st Cir.1999). "The relatedness test is, relatively speaking, a flexible, relaxed standard." *Pritzker*, 42 F.3d at 61.

Defendant Restaurant argues that it was not involved in the negotiations between Plaintiff and Defendant E. Scheer. *Docket Document No. 16.* Plaintiff maintains that Defendant Restaurant is Defendant E. Scheer's alter ego, and seemingly requests that we pierce Defendant Restaurant's corporate veil and exercise jurisdiction over it by virtue of its relationship with Defendant E. Scheer. *Docket Document No. 19.*

■ "Piercing the corporate veil has been recognized, in some circumstances, as a viable means to establish jurisdiction." *Snell v. Bob Fisher Enter., Inc.*, 106 F.Supp.2d 87, 90 (D.Me.2000). However, [t]he result of this corporate disregard is that if the corporation is found liable or subject to the jurisdiction of the court, the owner is likewise subject to liability

and personal jurisdiction. Thus, the forum-state contacts of a corporation may be attributed to an individual who is an officer, director, or shareholder of the corporation when evidence is presented that shows that the corporation is the alter ego of the individual.

*Northern Laminate Sales, Inc. v. Matthews*, 249 F.Supp.2d 130, 139 (D.N.H. 2003) (internal citations omitted) (citing *Scully Signal Co. v. Joyal*, 881 F.Supp. 727, 736 (D.R.I.1995)). Here, Plaintiff apparently asks us to apply an inverse corporate veil doctrine. That is, that we should exercise jurisdiction over Defendant Restaurant as a result of Defendant E. Scheer's alleged contacts with Puerto Rico. Even if such a course of action were appropriate, Plaintiff nonetheless fails to proffer sufficient evidence for us to pierce the corporate veil.

Under Puerto Rico law, Plaintiff must produce "strong and robust" evidence showing that Defendant Restaurant is Defendant E. Scheer's alter ego. *Escude Cruz v. Ortho Pharm. Corp.*, 619 F.2d 902, 905 (1st Cir.1980). We must conduct a "highly fact-specific inquiry," including whether the Defendant Restaurant disregarded corporate formalities, and whether it was adequately capitalized. *De Castro v. Sanifill, Inc.*, 198 F.3d 282, 284 (1st Cir.1999). Here, Plaintiff fails to proffer any evidence, other than mere allegations, to establish that Defendant Restaurant is liable for Defendant E. Scheer's actions.

Further, in order to pierce the corporate veil and thus exercise personal jurisdiction over Defendant Restaurant, Plaintiff must first establish that personal jurisdiction over Defendant E. Scheer is appropriate. Plaintiff again ostensibly relies on the complaint's allegations to support this contention. However, Plaintiff must cite "to specific evidence in the record that, if

credited, is enough to support findings of all facts essential to personal jurisdiction." *New Life Brokerage Servs.*, 222 F.Supp.2d at 97 (citing *Snell*, 115 F.Supp.2d at 20).

Having failed to proffer any evidence that would support a finding of corporate alter ego or personal jurisdiction over Defendant E. Scheer, we grant Defendant Restaurant's motion to dismiss Plaintiff's claims against it.

**b. *Purposeful Availment & Fair Play and Substantial Justice***

Because we find that the relatedness prong is not met, we need not determine whether Defendant Restaurant purposefully availed itself of the privilege of conducting activities in Puerto Rico or whether exercising jurisdiction over Defendant Restaurant offends traditional notions of "fair play and substantial justice." *Pritzker*, 42 F.3d at 63 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985)).

**C. *Failure to State a Claim & Improper Venue***

Further, because we find that personal jurisdiction over Defendant Restaurant is improper, we need not reach the merits of Defendant Restaurant's alternate arguments.

### IV.

### *Conclusion*

In accordance with the foregoing, we **GRANT** Defendant Restaurant's motion to dismiss. Plaintiff's claims against Defendant Restaurant are **DISMISSED WITHOUT PREJUDICE.** This Order disposes of *Docket Document No. 16.*

**IT IS SO ORDERED.**